**Glenn L. CLINE, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
Defendant-Appellee.

**No. 20819.**

United States Court of Appeals,
Sixth Circuit.

June 9, 1971.

Ronald D. Glotta, Detroit, Mich., for plaintiff-appellant; Glotta & Adelman, Detroit, Mich., on brief.

J. Kenneth Lowrie, Asst. U. S. Atty., Detroit, Mich., for defendant-appellee; Ralph B. Guy, Jr., U. S. Atty., Robert A. Rosenberg, Asst. U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

WEICK, Circuit Judge.

This appeal is from a summary judgment entered by the District Court in favor of the Secretary, affirming his denial of disability insurance benefits to appellant, Cline, who was a millwright employed since 1962 by Ford Motor Company. His work involved the moving of heavy machinery. On January 4, 1967, Cline tripped and fell on the floor. He was treated that day for back and leg pains. He continued to work at Ford until May 28, 1967, when, because of pain from his injury, he ceased working and has not worked since.

Previous to his employment by Ford, Cline had jobs as a laborer and as a self-employed truck driver (including cleaning stores and hauling scrap). His recreational activities included bowling, hunting, fishing, and remodeling his home. He was 53 years of age, and had an eleventh-grade education.

Cline received out-patient care at Metropolitan Hospital between June and November, 1967, when he made at least five visits to the clinic. X-rays indicated that there was diffuse degenerative changes of the lumbar spine. There was tenderness and muscle stiffness in the right sacroiliac region. He was advised to wear a lumbar-sacral belt and to diet due to his obesity.

He returned to the clinic in March and April, 1968, still complaining of pain. It was noted that he had not lost weight. He did not want surgery. He was treated also by a chiropractor seven or eight times.

Cline was examined on September 27, 1968 by Dr. Newman, a specialist in physical medicine. The report of his examination was:

"COMMENT:

This patient who indicates a fall approximately in January of 1967, indicates that he has been disabled and cannot work. He indicates backache, some degree of right leg radiating pain, numbness of the right leg. Current physical examination reveals sensory changes of hypoesthesia involving the L5 neural segment on the right. There were no objective findings with respect to the lumbar spine, or the hips other than pain complaints. There is no evidence of any atrophy of either lower extremity. X-rays of the lumbar spine to include the pelvis and hip joints and the lower portion of the dorsal spine reveal osteoarthritic changes. Electromyographic examination of the lumbar and sacral neurotome segments was normal.

"DIAGNOSIS:

Based upon history, physical examination, x-ray findings, electromyographic examination, this patient has the following diagnosis: (1) Osteoarthritis of the dorsolumbar spine to a moderate degree.

"DISPOSITION:

This patient may have a back problem, does require anti-rheumatic drugs, is not totally disabled with request [sic] to twisting, turning, bending, could not do prolonged standing, heavy or repetitive lifting. He should be on a program of professional physical medicine measures under physiatric guidance. He would also benefit by a lumbosacral support."

Dr. Newman examined Cline again on June 6, 1969, and made the following report:

"COMMENT:

This patient who has been having difficulties with respect to his back since an injury of January 4, 1967, continues to have back problems. He demonstrates marked tightness which is chronic muscle spasm of the dorsolumbar spine as well as anatomic pain on motion of the dorsolumbar spine. He

also demonstrates muscle spasm and anatomic pain on motion of the hips. He demonstrates anatomic pain on motion with respect to the cervical spine and shoulders. X-rays of the dorsal spine as well as the lumbar spine and pelvis and hip joints reveal extensive degenerative changes. Electromyographic examination of the lumbar and sacral neurotome segments was normal.

"DIAGNOSIS:

Based upon history, physical examination, x-ray findings, electromyographic examination, this patient has the following diagnosis: (1) Degenerative arthritis of the dorsolumbar spine. (2) Traumatic myofascitis of the dorsolumbar spine musculature.

"DISPOSITION:

The problem related to the osteoarthritis has been aggravated by the type of injury this patient described. This has produced a disability which would interfere with twisting, turning, bending, prolonged standing, heavy or repetitive lifting or climbing. With respect to nerve root compression, since this is not evident on the physical examination, neurological examination, and the degree of disability that this patient presents, a recommendation would be that of a myelographic examination as well."

■ A vocational expert who attended the hearing before the Hearing Examiner and who had examined all of the documentary evidence, gave his opinion that claimant could perform the following sedentary jobs which were available in the area where claimant resided: electrical appliance repairman, key cutter, bench repairman, printer, film cutter and film numberer in the photographic processing area.

There is no evidence that claimant is totally disabled. The Hearing Examiner found, however, that Cline was unable to perform the duties of a millwright. There is no evidence in the record as to the physical demands of the sedentary work which was available in the area,

and no medical evidence that claimant was able to perform the sedentary jobs.

It will be necessary, therefore, to remand this case to the Secretary to obtain additional medical and vocation evidence. Whitson v. Finch, 437 F.2d 728 (6th Cir. 1971); Vaughn v. Finch, 431 F.2d 997 (6th Cir. 1970).

■ We find no procedural errors in the proceedings conducted by the Hearing Examiner. The law does not require that a proceeding before the Social Security Administration be conducted with the same formalities and rules of evidence as court proceedings. A Social Security hearing is not an adversary proceeding. Hearsay evidence is admissible. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The judgment of the District Court is vacated, and the cause is remanded to the Secretary for further proceedings.