**Charles G. CAMPBELL, Plaintiff,**

v.

**Elliot .L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 2562.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 29, 1972.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for judicial review of the decision of the defendant administrator, 42 U.S.C. § 405(g), denying the plaintiff's claim for disability insurance benefits under the Social Security Act. 42 U.S.C. §§ 416(i), 423. The defendant has moved for summary judgment. Rule 56(b), Federal Rules of Civil Procedure.

The plaintiff initially filed an application for disability insurance benefits under that Act, alleging that he became

unable to work on January 26, 1968, at the age of 55 years, due to a stomach disorder and complications following an ulcer operation. His claim was denied, and a request for reconsideration resulted in the affirmation of the original denials. A hearing before an examiner was held, resulting in a denial of the plaintiff's application. At the plaintiff's request, an appeals council reviewed the hearing examiner's decision, and after considering additional evidence, found that plaintiff was not entitled to a period of disability or to disability insurance benefits. 42 U.S.C. §§ 416(i), 423. This became the final decision of the defendant administrator. The petitioner meets the special earnings requirements of the act until December 31, 1972.

The plaintiff's first regular employment was with a hosiery mill, where he learned to be a machinist and remained for 13 years. In 1941, he became employed by Tennessee Eastman Company, where he was an operator distilling various acids. He ceased working for Tennessee Eastman on January 26, 1968 due to stomach problems connected with several previous operations. On October 23, 1968, Tennessee Eastman Company permanently ceased to employ Mr. Campbell. The separation notice to the Tennessee Unemployment Compensation Division states that the reason for separation was " * * * [t]otal and permanent [d]isability approved effective 7–27–68 * * *".

It was found by the appeals council, *inter alia*, that:

3. The medical record establishes that the claimant has a post subtotal gastrectomy syndrome, a large ventral hernia, exogenous obesity, benign essential hypertension and occasional dumping syndrome.

4. The claimant's impairments do not prevent him from engaging in substantial gainful activity of the type described by the vocational expert for which he is fitted by education and previous work experience.

The medical evidence is in complete conformity with these findings as to the plaintiff's symptoms.

After this hearing, the plaintiff was examined by Dr. Justine C. Blevins, an internist, who found that:

Mr. Campbell has three problems causing him symptoms. One being post subtotal gastrectomy syndrome with dumping syndrome occasionally; he stated on the average of about once a month he has an episode of nausea, vomiting, and diarrhea. * * * The claimant's functional limitations in terms of ability to stand, sit, bend, walk, stoop, carry, push, pull, lift, climb stairs, and pursue a normal life are definitely limited since he has dumping syndrome, a large ventral hernia, and is considerably overweight. It is felt that he should not stand for more than 30 minutes to an hour at a time; he should not walk for more than approximately ½ a mile; stooping causes him to have abdominal pains since he has a ventral hernia and also he is markedly overweight. * * * The applicant should not have any difficulty performing sedentary-light work such as sitting around answering a telephone, taking orders for materials, and then desk work. * * *

However, the record is not so clear as to support the finding of the appeals council that the plaintiff can engage in substantial gainful activity of the type described by the vocational counselor. Dr. Norman Hankins, a vocational expert, was asked the following question at the claimant's hearing:

* * * * * *

You may assume a finding by the Hearing Examiner that claimant cannot return to performing any of the jobs that he has had experience in because he is lacking in the ability to perform substantial physical exertions on a sustained basis. You may as-

sume a further finding that claimant has had gastrointestinal difficulties over the past 3 or 4 years which resulted in his having the greater part of his stomach removed in an operation in 1966. You may assume a further finding that claimant has had difficulty with his gallbladder. You may assume a further finding that claimant shows a moderate degree of hypertension in his medical history. You may assume a further finding that claimant has not experienced a recurrence of his ulcer difficulties. You may assume a further finding that claimant, because of the nature of his stomach operation, is somewhat limited in his ability to eat various foods and that he must space his intake of food over a higher than normal number of feedings a day. You may assume a further finding that claimant has not suffered any weight reduction. Now on the basis of those findings I'm going to ask you whether there are, in your opinion, in existence in the national economy any jobs which you feel claimant has the residual physical and mental capabilities of performing?

On the basis of the foregoing question and assumptions, Dr. Hankins expressed his opinion that Mr. Campbell possessed the residual capabilities of performing sub-assembly work at the Magnavox Corporation in Greeneville, Tennessee, or of performing the jobs of a checker or a deburrer at the Raytheon Corporation in Bristol, Tennessee. Although such jobs were described by Dr. Hankins as "sedentary" in nature, as the record now stands, it is difficult to understand how the appeals council arrived at the finding that the claimant could perform such jobs. The hearing examiner obviously did not have the advantage of having Dr. Blevins' comprehensive findings before him when he phrased his question to Dr. Hankins which contained certain assumptions as to the plaintiff's condition. Dr. Blevins' report clearly shows, and the appeals council found, that the plaintiff suffers a greater degree of disability than that assumed by the hearing examiner's hypothetical question.

■ There is no evidence in the record to show whether Dr. Hankins would have thought Mr. Campbell is able to perform the jobs he described, if he had been faced with assumptions which more accurately described the plaintiff's medical condition. Stated another way, the evidence in the record as to the physical demands of the sedentary work described by Dr. Hankins in response to the hypothetical question, which did not accurately describe Mr. Campbell's true physical impairments, is insufficient to lend substantial support to the ultimate findings of the defendant-administrator. See Cline v. Secretary of Health, Education & Welfare, C.A., 6th (1971), 444 F.2d 289.

■ The evidence is clear that Mr. Campbell is unable to return to his last employment. Accordingly, the defendant must show what the plaintiff can do with his true impairments. Cf. Harless v. Celebrezze, D.C.Tenn. (1963), 213 F. Supp. 560, 561[1]. This action hereby is remanded to the defendant Secretary with instructions for the Social Security Administration to reconsider the issue of what Mr. Campbell can now do, in the light of his impairments as reflected by the medical evidence which came into the record after the vocational expert had testified.