**Joanne H. REFIOR, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, an administrative agency of the United States, and F. David Mathews, Individually and as Secretary of the United States Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 76–C–367.**

United States District Court,
E. D. Wisconsin.

July 30, 1979.

Douglas H. Starck, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty., by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant; Marvin E. Gavin, Regional Atty., Dept. of Health, Ed. and Welfare, Chicago, Ill., of counsel.

REYNOLDS, Chief Judge.

This is a suit by Joanne H. Refior to compel the defendant to grant her a period of disability or to provide federal disability insurance benefits to her pursuant to the Federal Old-Age Survivors and Disability Insurance Benefits Program as set forth in 42 U.S.C. § 401 et seq. The plaintiff was denied benefits by the Social Security Administration, and the court has jurisdiction to review that denial by virtue of 28 U.S.C. § 1331 and 42 U.S.C. § 405(g). The matter is presently before the Court for the second time on cross motions for summary judgment. For the reasons hereafter stated, plaintiff's motion will be granted.

Plaintiff originally filed for benefits in November 1973, alleging disability due to epilepsy and a back injury. Her application and request for reconsideration were both denied by the defendant. Plaintiff then requested a hearing by an administrative law judge which was held on November 21, 1974. The judge determined that plaintiff was not disabled during the relevant time period (1970 to September 30, 1973), and this decision was affirmed by the Appeals Council. The judge found that, although the plaintiff claimed she had back pains, there was no medical evidence indicating a disabling back condition, her seizures were well controlled by medication, and although a doctor indicated she was partially disabled and totally incapacitated by her breathing problem, breathing tests indicated only a minor obstruction. Plaintiff next filed a complaint in this court on May 27, 1976. This Court held that Joanne H. Refior was disabled due to respiratory problems during the relevant time period to the extent that she could not perform her usual occupation as a nurse's aide. This Court then remanded the case to the administrative law judge for further evidence to determine what jobs she might be able to do considering her disability and whether there were jobs of this type available. (See 42 U.S.C. § 423(d)(2)(A)) Upon remand, the administrative law judge found the plaintiff not to be disabled within the meaning of 42 U.S.C. § 423(d)(1), since he found her able to perform sedentary work as a cashier, timekeeper or billing clerk. This denial of benefits was affirmed by the Appeals Council on October 24, 1978.

As stated in the original decision by this Court, in addressing the question of summary judgment, the question is not whether there is a factual dispute, but rather whether there is substantial evidence in the record to support the decision that the plaintiff was not disabled prior to September 30, 1973. See *Workman v. Celebrezze*, 360 F.2d 877 (7th Cir. 1966).

This Court's earlier decision on June 12, 1978, held that the plaintiff had met her burden in proving she was disabled at least to the extent that she could not continue her usual occupation as a nurse's aide. It was found that although the plaintiff's back pain and epilepsy were not severe enough to allow her to receive benefits, her respiratory condition was disabling. This Court remanded the case " * * * for further development of what types of work the claimant was capable of doing prior to September 30, 1973, and what jobs were available to her at that time." *Id.* pp. 11–12.

On remand, the only new evidence consisted of a letter from one of the plaintiff's former doctors and the testimony of two vocational experts.

The letter introduced from Dr. Titus, that referred to plaintiff, stated " * * * I considered her chronically disabled with schizo-affective schizophrenia." (Ex. 31)

The next evidence was testimony given by the Government's vocational expert, Dr. Lawrence Blum. The administrative law judge first had Dr. Blum "assume that Mrs. Refior had all of the limitations, restrictions and pain that was alleged * * *." (Tr. at 19) In response to this assumption, Dr. Blum answered there would be no work available in the economy at which plaintiff could be gainfully employed. The second assumption posited to Dr. Blum was:

"* * * assume that I would find from the medical evidence as shown in the record and from the testimony of the claimant that was given in the previous hearing and submitted to the Appeals Council that there is no physical impediment to the claimant performing sedentary or light work activity as defined by you." (Tr. at 20)

Under this assumption Dr. Blum testified the plaintiff was capable of handling clerical-type positions such as billing clerk, cashier or timekeeping clerk and that these positions were available during the relevant time period.

Finally, the plaintiff called John W. Gallen as a vocational expert. Mr. Gallen has worked for the past twelve years coordinating job development and job placement efforts for handicapped persons. (Ex. 32) When asked whether Mrs. Refior could be substantially employed, he stated, "I feel that at that period that she—that even though there are jobs that she could do, I do not feel that she could sustain the effort for the—for a significant period of time to qualify her for those—for any jobs, even in the sedentary area—either sedentary or light." (Tr. at 33–34) Mr. Gallen based his opinion on plaintiff's pulmonary problems, which he felt would result in fatigue and coughing. (Tr. at 34–35) He stated that plaintiff could not hold a position as a billing clerk unless the employer was not concerned about speed and that plaintiff could not perform the job of timekeeping due to the amount of walking which would be required. The only time Mr. Gallen indicated that plaintiff might be able to work is when the administrative law judge had Mr. Gallen assume Mrs. Refior had no physical impediment nor any functional overlay.

From this additional evidence, the administrative law judge held that although plaintiff had a respiratory problem preventing her from performing work as a nurse's aide, she retained the residual capacity to engage in work as a cashier, timekeeper or billing clerk. The Appeals Council affirmed this decision.

This Court, after having reviewed the entire record very carefully, is of the opinion that the decision of the administrative law judge which was upheld by the Appeals Council is not supported by substantial evidence.

■ On remand, the burden of proving the plaintiff was capable of some other type of substantial gainful employment shifted to the Secretary of Health, Education and Welfare. *Stark v. Weinberger*, 497 F.2d 1092 (7th Cir. 1974); *Garrett v. Finch*, 436 F.2d 15 (6th Cir. 1970). Therefore, the Secretary had the burden of coming forward with evidence showing both the type of work that the plaintiff could do considering her respiratory problems, and that such jobs existed in the geographical area where she lived. The Secretary did not meet the aforementioned burden since the defendant brought forth no new evidence whatsoever on the issue of what work the plaintiff was able to do.

■ The administrative law judge relied heavily on Dr. Blum's testimony to say there were jobs which existed that plaintiff had the background to do. The problem with this reliance, however, is that the administrative law judge told Dr. Blum to assume that plaintiff had no physical impediments, and thus to assume out of the picture the very question the expert was to answer. " * * * A vocational expert's opinion in a disability case is only worthwhile if it is based on a consideration of all other evidence that has been brought out in

**324**

the case. * * *" *Chester v. Mathews*, 403 F.Supp. 110, 118 (D.Md.1975). Thus, Mr. Gallen's testimony as a qualified vocational expert was never rebutted by any evidence since Dr. Blum's testimony was all based on the assumption that Mrs. Refior was capable of doing sedentary work.

"It is not sufficient for the Secretary to say, as here, that the claimant suffers several physical impairments yet can do 'light and sedentary work within the scope of her vocational training and experience as an office manager, bookkeeper or office clerk.' It must be shown medically that she can perform the physical activities those jobs require without serious aggravation to present physical impairment or to general health." *Oppenheim v. Finch*, 495 F.2d 396, 398 (4th Cir. 1974).

This Court would not have remanded the case for more information on this point if it felt the defendant had sustained its burden on the past record.

Secondly, the administrative law judge appears to have misinterpreted the record in regard to the possible psychological overtones to plaintiff's illness. During the hearing, (Tr. at 45), the administrative law judge stated that this Court had not addressed the question of a psychological overlay in its decision because it occurred after the disability period had ended. But a careful reading of page 12 of this Court's earlier decision indicates the question was not addressed simply because the case was being remanded for further proceedings at which time more evidence could be presented.

In his recommended decision, the administrative law judge states at page 11: " * * * [t]he medical evidence also suggests a functional component to the seizures. This is apparently the basis for Mr. Gallen's statement that when he indicated an opinion of disability it was the result of both a psychological component and the respiratory problem." The judge also indicates that aside from Dr. Titus, none of the other physicians had indicated a substantial psychological problem. Reviewing the medical evidence carefully, there are several indications of a psychological component and not only in regard to seizures.

Mr. Refior's employer was requested on May 18, 1971, to transfer him to the day shift since plaintiff was suffering acute emotional stress and anxiety which was made worse by her husband's working the night shift. (Ex. 13, page 96) Her medical records indicate she was taking librium during the relevant period. (Ex. 14, page 100) As of May 5, 1971, the plaintiff was in group therapy due to several problems including feeling unloved. (Ex. 15, page 117) Dr. Oudenhoven diagnosed the patient as having an unstable back condition with a *very severe* functional overlay. (Emphasis added) (Ex. AC–2, page 162) Dr. Randall indicates the claimant may well have tension headaches. (Ex. AC–8, page 201) Finally, Dr. Titus who was the plaintiff's physician for several months in 1971, diagnosed her as chronically disabled with schizo-affective schizophrenia. (Ex. 31) It is evident from these exhibits that the administrative law judge either did not consider or overlooked this substantial amount of evidence that the plaintiff did have a psychological problem.

It is important to remember that the psychological factor is relevant even if by itself this did not disable the plaintiff, since her maladies must be looked at as a whole and not simply as individual components. *Smith v. Weinberger*, 394 F.Supp. 1002 (D.Md.1975); *Hicks v. Gardner*, 269 F.Supp. 319 (W.D.Va.1967), rev'd. on other grounds, 393 F.2d 299 (4th Cir. 1968).

Section 205(g) of the Act, 42 U.S.C. § 405(g), empowers this Court to affirm, modify or reverse the decision of the Secretary. *Brill v. Celebrezze*, 232 F.Supp. 296 (E.D.N.Y.1964). For the following reasons, this Court will reverse the decision.

First, as previously indicated, this case has been going on since November 21, 1973. It has already been remanded by this Court once. The Secretary has had substantial opportunity to carry its burden of proof and yet at the hearing on remand, it presented no new evidence. See *Haskins v. Finch*, 307 F.Supp. 1272 (W.D.Mo.1969).

Secondly, there is adequate evidence in the record, which evidence was not sufficiently rebutted by the Secretary, to support a finding that the plaintiff was disabled within the meaning of 42 U.S.C. § 423.

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion for summary judgment is granted to the extent that the plaintiff asserts she is disabled due to a respiratory problem.

IT IS FURTHER ORDERED that this case be remanded to the defendant Secretary of Health, Education and Welfare for further proceedings consistent with this decision.