**Carlos CHICO, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 79–C–11.**

United States District Court,
E. D. Wisconsin.

Jan. 30, 1980.

Irving D. Gaines by Maureen S. Komisar, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action is an appeal brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) from the final decision of the defendant Secretary of Health, Education and Welfare denying plaintiff's application under 42 U.S.C. §§ 416(i), 423, and 1381, et seq. for disability and supplemental security income benefits. For the following reasons, the defendant's decision is reversed.

The plaintiff Carlos Chico is a 44-year old male of Puerto Rican descent who has a fourth grade education and speaks minimal English. He is approximately five feet four inches tall and weighs close to 200 pounds. From 1964 to mid August 1977, the plaintiff worked at the Grede Foundry in Milwaukee at a shake-out machine, which work involved frequent heavy lifting. On August 17, 1977, the plaintiff, who has a history of alcoholism, underwent emergency surgery for repair of a tear of the distal esophagus.

It was noted at the time of the surgery that the plaintiff had a marked yellow discoloration of the liver and alcoholic hepatitis. As a result of the surgery, the plaintiff suffered a wound infection and a ventral hernia. It is undisputed that he requires a second surgical procedure which cannot be performed until the condition of his liver improves, and that as a result of his initial surgical procedure and the complications resulting from it, the plaintiff is presently disabled from returning to his former employment.

The medical evidence in the record consists of plaintiff's hospital records, three reports from his treating physician, Dr. H. Wengelewski, and a report from a consulting physician, Dr. Theodore J. Nereim. In addition, Mr. Chico himself testified at a hearing before a Social Security Administration administrative law judge on June 7, 1978, as did Mr. Daniel Weinstein, a vocational expert.

In his first report written on November 14, 1977, Dr. Wengelewski stated that Mr. Chico was discharged from the hospital on October 4, 1977; that "it was anticipated that he would have a very prolonged period of recovery"; that he required a second operation which could not presently be performed "[b]ecause of his poor liver function and because of having evidence of having alcoholic hepatitis"; and that "[b]ecause of the weakness in the wound he would not be able to do any heavy manual work for many months." (Tr. 152) See also the confirmatory report of Dr. Nereim, written November 18, 1977. (Tr. 170) Dr. Wengelewski's second report written February 3, 1978, reiterates plaintiff's surgical complications and states that plaintiff "can not work because of this. He will not be a candidate for surgery for many months." (Tr. 173) In a letter dated May 26, 1978, to plaintiff's attorney, Dr. Wengelewski stated:

"His [Mr. Chico's] postoperative recovery was very complicated. He developed a wound infection and large abscess and a partial evisceration. The wound has been a problem in healing and to this day is not completely healed. He still has a

draining suture granuloma. He also developed repeated episodes of massive gastrointestinal bleeding that required prolonged hospitalization and a total of forty six blood transfusions. I did not believe he would ever leave the hospital alive but fortunately he recovered sufficiently to be discharged home.

"Since his discharge, I have seen him about once or twice per month and now diagnose him to have a large ventral hernia and draining suture granuloma. He can't work because of the large ventral hernia and also because of the advanced liver disease. * * *

" * * * Before he can return to work he should have a ventral herniorrhaphy, but that can't be done until his wound drainage stops. He also should lose weight before the surgery but for a long time I didn't want him to restrict his nutrition because of the severe liver disease.

"I do not believe he will be ready for surgery sooner than September, 1978 and he probably will not recover to be able to return to work before January, 1979." (Tr. 180)

Dr. Wengelewski did not testify at the hearing.

The plaintiff testified that he had not yet had his second operation (Tr. 40), that he still had the hernia (Tr. 43–44), and that his wound had not completely healed (Tr. 45–46). He stated that his doctor would like him to try to walk and to ride a bicycle in order to lose weight for the second operation (Tr. 41); that he is able to walk for 35 to·40 minutes (Tr. 48), to sit for 45 minutes to an hour (Tr. 50), to stand for one-half to one hour (Tr. 51), and to do light housework like sweeping (Tr. 49), but that if he tries to sit, stand, or walk for longer periods or to do such housework as mopping, the pain is too severe (Tr. 48–50). Plaintiff also testified that he accompanies his wife to the store but does not either drive or carry groceries. (Tr. 53) Finally he stated that he would like, but is unable, to work. (Tr. 57). Mr. Weinstein, however, when asked to give his opinion based on the prior testimony as to the work, if any, that plaintiff could perform, stated that plaintiff could do either sedentary work or light work, the former involving the lifting of up to ten pounds, occasional walking and standing, and mostly sitting, and the latter involving the lifting of up to twenty pounds and frequent walking or standing. (Tr. 76–77) Mr. Weinstein also stated that jobs which the plaintiff could perform, considering his age, education, and condition, exist in significant numbers in the Milwaukee area. (Tr. 77–83) The administrative law judge accepted Mr. Weinstein's conclusion and found it to be consistent with the plaintiff's testimony, and therefore he held that the plaintiff was not entitled to disability or supplemental security income benefits. His decision was affirmed by the Appeals Council on November 22, 1978, thus becoming the final decision of the defendant.

Section 405(g) of Title 42 U.S.C. provides that " * * * (t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." Substantial evidence is such relevant evidence as a reasonable man might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). For three reasons the Court finds that the Secretary's finding that the plaintiff is able to engage in light or sedentary activity is not supported by substantial evidence.

■ First, it is apparent from the administrative record that Mr. Weinstein had not read the medical reports on the plaintiff. (Tr. 61, 62, 72) Nor did the administrative law judge ask him to consider those reports in reaching his conclusion as to plaintiff's work ability:

"Q Let us assume that Mr. Chico has all of the limitations, restrictions and pain *that he alleges in his testimony today;* is there any type of work existing in significant numbers in the region in which he resides or in the national economy that he could do?" (Emphasis added.) (Tr. 77)

Mr. Weinstein also assumed that plaintiff was able to ride a bicycle (Tr. 78), when in

fact plaintiff had testified only that his doctor recommended him to try and not that he could do so (Tr. 41), and he assumed that plaintiff was able to lift up to twenty pounds (Tr. 76), when plaintiff had testified that he could not carry a bag of groceries (Tr. 53). If the assumptions in a hypothetical question asked of a vocational expert, or the assumptions he makes in forming his opinion, do not have support in the record, his opinion has no evidentiary value. *Campbell v. Richardson,* 338 F.Supp. 1186 (E.D.Tenn.1972); *Brittingham v. Weinberger,* 408 F.Supp. 606 (E.D.Pa.1976). Also, his opinion has no value if he does not consider the medical evidence in the record:

" * * * In testifying in a Social Security disability case, a vocational expert must necessarily base his opinion upon the medical evidence in the record concerning the claimant's physical functional capacity to engage in substantial gainful employment. Therefore, a vocational expert's opinion that a claimant can perform light and sedentary jobs can provide substantial evidence for a denial of disability benefits only if there is sufficient medical evidence to support a finding that the claimant has the physical functional capacity to engage in such employment. * * * " *Spicer v. Califano,* 461 F.Supp. 40, 47 (N.D.N.Y.1978).

See also *Chester v. Mathews,* 403 F.Supp. 110, 118 (D.Md.1975); *Refior v. United States Department of Health, Education and Welfare,* 473 F.Supp. 321, 323–324 (E.D. Wis.1979); and *Schlabach v. Secretary of Health, Education and Welfare,* 469 F.Supp. 304, 315–317 (N.D.Ind.1978). Thus the administrative law judge in this case was not entitled to base his decision on Mr. Weinstein's testimony in view of Mr. Weinstein's failure to consider the plaintiff's medical records and the absence from those records of any indication that plaintiff had the physical functional capacity to engage in light or sedentary employment.

■ There is also no indication in the administrative law judge's decision that he considered the plaintiff's subjective testimony as to pain (see the decision at Tr. 8–13; see also Tr. 48–50), except to the

extent that Mr. Weinstein considered it in forming his opinion. While an administrative law judge is entitled to weigh a witness's credibility and to discount evidence which he believes to be false, the record must indicate that he has considered testimony as to pain in arriving at his decision. *Northcutt v. Califano,* 581 F.2d 164 (8th Cir. 1978); *Kutchman v. Cohen,* 425 F.2d 20 (7th Cir. 1970); *Gaultney v. Weinberger,* 505 F.2d 943 (5th Cir. 1974). Such evidence would be relevant, for example, to determine whether a plaintiff is able to work a regular forty-hour week as opposed to engaging in intermittent activity. See *Cox v. Califano,* 587 F.2d 988 (9th Cir. 1978). Here, however, the administrative law judge's implicit conclusion that Mr. Chico was able to engage in such sustained activity has no support in the record.

■ Finally, the administrative law judge applied an incorrect standard in determining plaintiff's work ability. He stated:

"The medical evidence of record reveals that the claimant, as of the date of the latest medical evidence, was unable to return to his former work which is very heavy in nature. The claimant's description of his daily activities is consistent with a finding that the claimant is able to engage in sedentary or light work activity. * * * Under the Social Security Act the claimant must show that he is physically unable to perform the work taking into consideration his age, education, and past work experience as that would affect his ability to perform the actual work. * * * " (Tr. 12)

In fact, once the plaintiff has shown that he is unable to perform his former work, the burden then shifts to the defendant to prove that there exists other work which the plaintiff is able to perform. *Stark v. Weinberger,* 497 F.2d 1092 (7th Cir. 1974); *Smith v. Secretary of Health, Education and Welfare,* 587 F.2d 857, 861 (7th Cir. 1978); *Ber v. Celebrezze,* 332 F.2d 293 (2d Cir. 1964). In this case it is undisputed that the plaintiff met his burden of showing

inability to engage in his former employment. The Court finds that the Secretary did not then meet her burden and that no substantial evidence exists in the record to support her determination of the plaintiff's disentitlement to benefits.

While the Court could remand this action for the taking of further evidence by the Secretary, 42 U.S.C. § 405(g), it is persuaded by the undisputed medical evidence in the record that she would be unlikely to meet her burden of proof on remand and, thus, that no purpose would be served by an additional administrative hearing.

IT IS THEREFORE ORDERED that the decision appealed from is reversed.

IT IS FURTHER ORDERED that this action is remanded with the direction that the claim of the plaintiff Carlos Chico be allowed.