## In re INTERNATIONAL COINS & CURRENCY, INC., Debtor.

## INTERNATIONAL COINS & CURRENCY, INC., Plaintiff,

v.

## NAMES UNLIMITED, Defendant.

**Bankruptcy No. 81–00023.**
**Adv. No. 81–0147.**

United States Bankruptcy Court,
D. Vermont.

Feb. 5, 1982.

Alan B. George, Rutland, Vt., for defendant.

Peter Brittin, Montpelier, Vt., for plaintiff-debtor.

## MEMORANDUM AND ORDER ON MOTION OF DEFENDANT TO CHANGE THE VENUE

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of the Defendant, Names Unlimited, to change the venue of this adversary proceeding to the U.S. Bankruptcy Court for the Southern District of New York came on for hearing, after notice, with the following appearances:

In support of its position the Defendant argues that the Chapter 11 Petition was initiated by the firm of Stroock & Stroock & Lavan, Esquires, located in the Southern District of New York with a substantial number of able attorneys in its Bankruptcy Law Department; that this firm, by resolution adopted by the Debtor, was named to commence or cause to be commenced such proceedings as necessary under Chapter 11 of the Bankruptcy Code; that the Defendant's business consists of acting as agent for hundreds of owners of mailing lists and that in transactions with the Debtor it did in fact act as agent in transactions relating to the alleged preference which is the subject matter of this adversary proceeding; that all of its records, as well as witnesses necessary in the defense of this action, are located in the Southern District of New York; that it will be necessary for the Defendant to move to interplead as third party defendants approximately ten entities not affiliated with the Defendant, but who are principals to the alleged preference; that these principals are based in the Southern District of New York, in New Jersey, in California, and Missouri; that six of these entities are in the metropolitan New York area and it would be substantially more convenient for them to attend as witnesses and parties and to litigate this controversy in the Southern District of New York rather than in the District of Vermont and that the cost of their attendance will be substantially less in New York; that ordinarily some inconvenience might be incurred by the Debtor to prosecute this preference action away from its home base, such not being the case here since the Debtor al-

ready has eminent and able bankruptcy counsel in the Southern District of New York; that in the interest of justice and convenience of the parties, this adversary proceeding should be transferred to the Southern District of New York.

The Defendant further contends that the principal question relating to liability is whether there was an agency relationship and that this involves Local New York law. Therefore, it asserts that it can be expected that the Bankruptcy Court in New York whose agency is controlling would be in a better position than this Court to adjudicate the issues involved.

## DISCUSSION

The change of venue of an adversary proceeding is controlled by 28 U.S.Code § 1475 which reads as follows:

"A bankruptcy court may transfer a case under title 11 [11 USCS §§ 1 et seq.] or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties."

The procedure for a change of venue is prescribed by 782 of the Rules of Bankruptcy Procedure which reads as follows:

"Upon notice and hearing afforded the parties, any adversary proceeding may, in the interest of justice and for the convenience of the parties, be transferred by the court to any other district and shall thereafter continue as if originally filed in such district. An adversary proceeding transferred under this rule shall be referred to a referee by the clerk of the court to which it has been transferred."

It necessarily follows that before there can be a change of venue of an adversary proceeding, the Court must determine that the interest of justice and the convenience of the parties justifies the transfer of the proceeding from the Court in which it is filed to any other district. This is a twofold test. 1 Collier 15th Ed. § 302(4)(b) at page 3–198.

In applying the twin tests of "convenience of parties" and "in the interest of justice" the courts have considered the following factors:

"—the relative ease of access to sources of proof;

—availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses;

—the enforceability of judgment if one is obtained;

—relative advantages and obstacles to fair trial;

—a local interest in having localized controversies decided at home;

—a trial in the state the law of which will govern the action.

"These criteria are as relevant under 28 U.S.Code § 1475 as they were under Rule 782 and should be applied in the same fashion. Of course, the burden of establishing that the action should be transferred is on the moving party." 1 Collier 15th Ed. § 302(4)(b) at page 3–201; *Ford Motor Co. v. Ryan*, 182 F(2d) 329 (2d Cir. 1950); *In re United Button*, 137 F. 668 at 673; *In re Triton Chemical Corp.*, 46 F.Supp. 326, 328 (D.Del.1942).

It is obvious that the tests of "convenience of parties" and "in the interest of justice" should be applied on a case by case basis and, therefore, the application of the above recited factors are merely guidelines and are not exclusive. Courts should, therefore, consider not only these factors but any others which tend to establish that the adversary proceeding should be transferred "in the interest of justice" and "for the convenience of the parties."

In the instant case, the Debtor has been represented, as pointed out by the Movant, by the law firm of Stroock & Stroock & Lavan, Esquires, with offices in the Southern District of New York. Roy H. Carlin, Esquire, a member of that firm, has been the one directly involved in these proceedings, and he terminated his relationship with Stroock & Stroock & Lavan to become a partner in Reavis & McGrath, Esquires, also based in the Southern District of New York. However, for the past several months, Attorney Carlin has not been di-

rectly involved in Court proceedings in behalf of the Debtor in this Court; rather, Peter Brittin, Esquire, in-house counsel of the Debtor, who is employed on a salary basis, has represented the Debtor in all proceedings and he has represented that he will continue to represent the Debtor in this adversary proceeding. It necessarily follows that as a matter of economics it is more advantageous for the Debtor, who is in the process of rehabilitation under Chapter 11, to have the issues determined by this Court rather than the U.S. Bankruptcy Court for the Southern District of New York.

The Movant further points out that it expects to interplead several defendants on the grounds that they are liable as principals and that they are all based outside of the District of Vermont with six of them in the metropolitan New York area. As of now, the only defendant is Names Unlimited and, therefore, this matter must be considered as a one-on-one situation. If and when other parties are brought in as defendants, they should have the choice of determining whether they wish to have the venue changed to the Southern District of New York.

In view of this, the Motion for Change of Venue must be considered in the light of the expense involved as between the Debtor and the Defendant, bearing in mind their respective financial situations. This Court is not impressed with the argument that all of the Movant's records, as well as witnesses necessary in defense of this action, are in the Southern District of New York. It does not appear that the records to defend a simple preference action as is involved in this proceeding are voluminous and could not be readily transported to this District.

There was no testimony adduced at the hearing on the Motion and it must be assumed that the Defendant is financially sound and, therefore, in a much better position financially to transfer its records and provide for the attendance of witnesses in this District than is the Debtor who is struggling for rehabilitation under Chapter 11 of the Bankruptcy Code. The equities in this respect are definitely in favor of the retention of jurisdiction by this Court.

It is also evident that the docket in the Bankruptcy Court of the Southern District of New York is already burdened to its full capacity and it is most probable that this proceeding would not be given top priority and the issues would not be heard and determined for a considerable period of time. It has often been said that justice delayed is justice denied.

The Debtor is entitled to its day in court within a reasonable time and the hearing in this adversary proceeding can be scheduled within the next few months without too much difficulty.

The Movant also contends that the issue of liability involves the law of principal and agent as construed in the State of New York and, therefore, could more properly be adjudicated by the Bankruptcy Court in the Southern District of New York. The legal issues involved in a principal-agent relationship which would tend to fix liability are not complex and peculiar to the State of New York. They are universally applied in all jurisdictions. In the event that there is a New York Statute pertinent to this litigation, this Court will attempt to apply the same judicial interpretation as any other Bankruptcy Court. It is not unusual for all Bankruptcy Courts to decide legal issues involving the laws and statutes of various states.

The Defendant has failed to establish the factors relevant to the test of "convenience of parties" and "in the interest of justice" which would justify a transfer of venue. It has been held that a transfer may only be granted if the balance of interests is strongly in favor of the moving party. *B. J. McAdams, Inc., v. Boggs*, 426 F.Supp. 1091, 1103–4 (E.D.Pa.1977). As District Judge Latchum discussed *In re Fairfield Puerto Rico, Inc.*, 333 F.Supp. 1187, 1189 (D.Del.1971):

"This Court should not freely abandon to any other district its duty to determine a matter clearly within its jurisdiction. *In re United Button Co.*, 137 F. 668, 672 (D.Del.1904). The burden of proof test varies from 'discretion to retain jurisdiction should be exercised with great caution and in few cases,' *In re Bankers*

*Trust,* 403 F.2d 16, 23 (C.A. 7, 1968) quoting *In re S.O.S. Sheet Metal Co.,* 297 F.2d 32 (C.A. 2, 1961) to a bankruptcy proceeding 'should not lightly be shifted to another' court, and the 'party seeking the transfer must bear the burden of showing that the interest of justice would be better served by the transfer.' *In re Miller,* 172 F.Supp. 208, 209–210 (D.Kan.1959)."

This Court feels strongly that a Debtor seeking relief under the Bankruptcy Code is entitled to greater consideration, in balancing the equities, than a party operating a business and financially sound which is able to bear the cost of trial in this jurisdiction.

In sum, the equities are strongly in favor of the Debtor and the adversary proceeding should not be removed.

## ORDER

Upon the foregoing,

IT IS ORDERED as follows:

1. The Motion of the Defendant for Change of Venue filed December 14, 1981 is DISMISSED.

2. The Defendant is granted 15 days to file an Answer or other responsive pleading.