Morris B. SINGER, Plaintiff-Appellant,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare of the United States, Defendant-Appellee.

No. 74–1122.

United States Court of Appeals,
Ninth Circuit.

March 17, 1975.

Joel Goldfarb, Berkeley, Cal., for plaintiff-appellant.

Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., Robert E. Kopp and Stanton R. Koppel, Civ. Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before CARTER and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.

* Honorable William J. Jameson, District of Montana, sitting by designation.

## OPINION

HUFSTEDLER, Circuit Judge:

Singer sought review of a final decision of the Secretary of Health, Education and Welfare disallowing his applications for disability benefits under the Social Security Act (42 U.S.C. §§ 416(i), 423). The district court granted the Secretary's motion for summary judgment, and Singer appeals from the ensuing judgment against him. We reverse.

Singer applied for disability benefits in 1970, claiming disability beginning in 1969. His claim was denied, and he then sought no judicial review. He reapplied in 1972, reviving his 1969 claim and making an additional claim for disabilities commencing in 1965. The administrative law judge rejected the 1972 claim on the ground that Singer in 1965 and 1969 did not have the requisite "quarters of coverage" (20 three-month periods in which he earned $50 or more in the 10-year period anteceding his claimed disability, 42 U.S.C. §§ 413(a), 416(i)(3)(B)(i)). Accordingly, the administrative law judge did not reach the merits of Singer's claimed disability.

The Secretary's records revealed that Singer had been eligible as late as September 30, 1964. If he had been able to prove that he had two or more additional quarters of coverage, he would have kept alive his 1965 claim.[1] His problem is that the Social Security Administration had no record of additional earnings in the required period. Section 405(c)(3) gives three different effects to the absence of entries of income in the Secretary's records: (1) within 3 years, 3 months, and 15 days after expiration of the qualifying year (§ 405(c)(1)(A), (B)) the absence of entries of either wages or self-employment income is evidence that no such wages or earnings were received;[2] (2) after the statutory limitation period, the absence of entry of wages in the Secretary's records creates a rebuttable presumption that no such wages were paid[3] (Breeden v. Weinberger (4th Cir. 1974) 493 F.2d 1002; Thacker v. Gardner (4th Cir. 1967) 387 F.2d 387, aff'g (W.D.Va.) 268 F.Supp. 663; Ewing v. Black (6th Cir. 1949) 172 F.2d 331); (3) after the limitation period, the absence of entry of self-employment income in the Secretary's records, coupled with an absence of the claimant's tax returns showing such income, creates a conclusive presumption that no such income was received.[4]

---

1. Proof of even one quarter might have been enough, depending on how Singer's recorded quarters are distributed. If the Secretary's records show one quarter in the summer of 1954, and none for six months thereafter, proof of one extra quarter would produce the required twenty. If Mr. Singer was paid in the summer and fall of 1954, however, he must prove two unrecorded quarters.

    To save his 1969 claim, Mr. Singer has a more difficult task. The Administration had entries for only 4 quarters of coverage in 1959–69; he must therefore show 16 unrecorded quarters of coverage to establish his eligibility.

2. The Secretary's records shall be evidence for the purpose of proceedings before the Secretary or any court of the amounts of wages paid to, and self-employment income derived by, an individual and of the periods in which such wages were paid and such income was derived. The absence of an entry in such records as to wages alleged to have been paid to, or as to self-employment income alleged to have been derived by, an individual in any period shall be evidence that no such alleged wages were paid to, or that no such alleged income was derived by, such individual during such period.

    42 U.S.C. § 405(c)(3).

3. After the expiration of the time limitation following any year . . . the absence of any entry in the Secretary's records as to the wages alleged to have been paid by an employer to an individual during any period in such year shall be presumptive evidence for the purposes of this subchapter that no such alleged wages were paid to such individual in such period; . . . .

    42 U.S.C. § 405(c)(4)(B).

4. After the expiration of the time limitation following any year . . . the absence of an entry in the Secretary's records as to the self-employment income alleged to have been derived by an individual in such year shall be conclusive for the purposes of this subchapter that no such alleged self-employment income was derived by such individual in such year unless it is shown that he filed a tax return of his self-employment

Singer's attempt to prove self-employment income was foreclosed by the conclusive presumption against him. However, he was confronted with a rebuttable, rather than a conclusive, presumption that he had not received wages during the quarters unrecorded by the Secretary. The burden Singer faced was formidable: he was a sick layman trying to prove very old facts, unassisted by counsel. He was also handicapped because many of his personal records had been destroyed by a fire in his residence. His presentation was not orderly, and he offered documents that were irrelevant as well as some that were relevant. He testified, without documentary support, that he held two different jobs during the unrecorded period; he also attested to a third job during two quarters in 1960–61, supported by some inconclusive documentation. His alleged employers had filed no records of their payments to him; he was able to produce some records of their bankruptcies, but those records did not reflect any claims of his for unpaid wages.

■ The administrative law judge was not required to believe Singer's testimony, nor was he obliged to accord any specific weight to the documentary evidence that Singer produced. However, he was required to consider the evidence carefully, to be liberal in excusing deficiencies that are indigenous to a layman's presentation of evidence, and to weigh that evidence against the statutory presumption. The administrative law judge did not perform that duty, apparently relying on some misconceptions of law.

After summarizing the documentary evidence that Singer had presented, the judge's decision states: "These were submitted as a basis for a presumption that in these periods claimant received wages

income for such year before the expiration of the time limitation following such year, in which case the Secretary shall include in his records the self-employment income of such individual for such year.

42 U.S.C. § 405(c)(4)(C).

and had self-employment income not appearing on the Secretary's records and that such records be corrected to show such unrecorded items. These submissions confuse rather than clarify the issues and do not comply with the provisions of section 205(c) of the Act." [5]

■ The administrative law judge's statement is puzzling. Singer's evidence could not have been "submitted as a basis for a presumption." Perhaps the judge confused the statutory conclusive and rebuttable presumptions, or he may have thought that Singer's evidence had to have the force of a presumption to overcome the rebuttable presumption. Despite the difficulty of construing the statement, it is evident that he was not aware that Singer's burden on the unrecorded wage claim was limited to his rebutting the rebuttable presumption. The error led him not to consider or to weigh the oral and documentary evidence in order to ascertain whether the presumption had been rebutted. A remand is thus necessary to permit the agency to evaluate the evidence heretofore presented, together with any other evidence that has since become available, in the light of the correct standard of law. In ordering remand, we express no views on the credibility of the testimony or the weight of the relevant evidence.

■ The secretary's belated claim that Singer's 1972 claim was foreclosed by res judicata because his earlier claim had been denied is without merit. The agency's decision reopening both claims in 1972 precludes reliance on res judicata. (*Cf. Stuckey v. Weinberger* (9th Cir. en banc 1973) 488 F.2d 904.)

The judgment is reversed and the cause is remanded with directions to remand it to the Secretary for further proceedings consistent with the views herein expressed.

5. Section 205(c) of the Social Security Act is now codified in 42 U.S.C. § 405. *Cf.* Act of August 10, 1939, ch. 666, tit. II, § 201, 53 Stat. 1362.