24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Antonio DUENAS, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of Health and
Human Services, Defendant-Appellee.
 No. 92-56566.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 12, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and LEVI, District Judge.***
 
 
 2
 MEMORANDUM****
 
 
 3
 Antonio Duenas applied unsuccessfully for old-age (retirement) insurance benefits. In denying the claim, the Secretary of Health and Human Services ("Secretary") found that Duenas had failed to establish the requisite 37 quarters of coverage. The district court granted summary judgment to the Secretary and this appeal follows. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 * Antonio Duenas applied for retirement benefits on April 21, 1988, after reaching the age of 62. (R. 71-76.) The Secretary found that Duenas had only 33 of the required 37 quarters of coverage necessary for fully-insured status and thus that he was not eligible for retirement benefits.[1] On September 19, 1988, Duenas sought reconsideration of the denial based on the Secretary's failure to count work performed by him in the period 1952 to 1954. (R. 78-79.) Duenas stated in his request for reconsideration that he had worked as a seasonal agricultural laborer during this period in various states which he identified. But he did not provide the names of any of his employers.[2] The request for reconsideration was denied on March 17, 1989, on the erroneous ground that Duenas was a foreign agricultural worker in the period 1952-54. (R. 81-84.)[3]
 
 
 5
 Duenas then requested a hearing before an Administrative Law Judge ("ALJ"). (R. 85-87.) After a postponement to permit Duenas to retain counsel, the ALJ held a hearing on April 26, 1990. Counsel for Duenas appeared and requested that the record be held open so that she could attempt to get evidence that Duenas was employed in the period 1952-54. Counsel stated that she would seek to identify and then contact Duenas' past employers. The ALJ readily agreed to the request and held the record open for 30 days during which time counsel could advise the ALJ as to her progress in her investigation.[4] At the hearing, no request was made by counsel that the ALJ develop the record any further. Counsel acknowledged that in view of the record, the ALJ would have no choice but to deny the petition. (R. 45-46.) During the period in which the record was held open, counsel for Duenas submitted a "statement of employer," completed by Roberto Legorreta stating that he had employed Duenas during the years 1978, 1980, 1983, 1986, 1988, and 1989. (R. 102-107.) No further information was provided concerning Duenas' claimed employment during 1952-54, and no request was made of the ALJ to develop the record or to hold the record open for a further period of time.
 
 
 6
 On May 31, 1990, the ALJ closed the record and found that Duenas was not entitled to benefits and that Legorreta's statement, even if true, would not change the calculation of covered quarters. (R. 25-27.) The Appeals Council did not concur with this last conclusion and remanded for a determination of whether there was a bona fide employment relationship between Legorreta and Duenas. In remanding the matter, the Appeals Council noted that in his application for benefits Duenas had not claimed employment during 1986, 1987, or 1988, and had not mentioned employment by Legorreta in a further statement concerning his prior employment. (R. 19-20 (citing R. 95).)
 
 
 7
 On remand the ALJ received additional materials from Legorreta, including a declaration and a response to questions posed to him in writing by the ALJ. (R. 110, 112.) In the declaration, Legorreta averred that he paid Duenas wages in cash in the amount of $325 in 1978, $295 in 1980, $444 in 1983, $625 in 1986, $775 in 1988, and $825 in 1989. In his answers to the ALJ's written questions, however, Legorreta stated that he had no records and was unable to state how he had arrived at the specific wage amounts for each year as stated in his declaration. Because of these discrepancies, and because Duenas had stated on his application that he had not worked in 1988 or 1986, the ALJ held a supplemental hearing and heard testimony from Legorreta and Duenas. (R. 48-70.) In her decision of April 17, 1991, the ALJ again found that Duenas had only 33 of the required 37 quarters of coverage. (R. 10-15.) Based on the testimony and the documentary record, the ALJ concluded that Duenas was never the employee of Legorreta. The two were cousins, and on occasion Legorreta, who worked as a casual laborer, would ask Duenas to join him on a job. The ALJ also found that Duenas had failed to establish that he was employed during any of the years in question or the amounts of money earned in those years. The ALJ concluded that in fact it was highly unlikely that Duenas did any work in 1986, 1988, or 1989. (R. 14.)
 
 
 8
 Duenas again sought review by the Appeals Council. He argued that Legorreta was his employer and also provided a new statement--notarized but unsigned--from Manuel Mendoza to the effect that Mendoza had employed Duenas in 1984. (R. 115-119, 114.) The Appeals Council denied the request for review, (R. 3-4,) and Duenas timely appealed to the district court. The district court adopted the report and recommendation of the assigned magistrate judge, and ordered that judgment be entered in favor of the Secretary. We now review that decision on claimant's timely appeal.
 
 II
 
 9
 The decision of the district court granting summary judgment is reviewable de novo. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). The Secretary's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g).
 
 
 10
 Duenas disputes the Secretary's finding of only 33 quarters of coverage on three grounds: (1) the ALJ failed to develop the record on Duenas' alleged employment during the years 1952-1954 and the information provided by Duenas was sufficient to find coverage for those years; (2) the ALJ incorrectly determined that Legorreta and Duenas were not in an employer-employee relationship; and (3) the ALJ erred in refusing to credit Mendoza's statement as evidence of two quarters of employment in 1984. These contentions are without merit.
 
 
 11
 First, as to the period 1952-54, Duenas provided only sketchy information as to his employment. He recalled neither for whom he worked nor what he had earned. All that Duenas provided was a list of states and harvests in which he had worked. Following a hearing before the ALJ, counsel for Duenas specifically undertook to develop further information concerning Duenas employers and was unsuccessful. No request was made of the ALJ to develop the record, and it is unclear what further the ALJ could have done in the absence of an identification of the alleged employers. By contrast, when such identifying material was provided the Secretary diligently pursued the information. (R. 91.) There is no reason to think that the ALJ could have succeeded where counsel failed. In these circumstances, the ALJ did not violate her duty to develop the record. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983).
 
 
 12
 Moreover, the Secretary's finding of no coverage during the years 1952-54 is supported by substantial evidence. The Secretary's records did not show wages paid to Duenas in those years. The absence of a record of wages is evidence that the alleged wages in fact were not paid, 42 U.S.C. Sec. 405(c)(3), and when the record stands uncorrected for a sufficient period of time as here, the absence of a record of wages creates a presumption that "no such alleged wages were paid to such individual in such period." 42 U.S.C. Sec. 405(c)(4)(B). Duenas' vague and uncorroborated claim of sporadic employment in these years failed to rebut this presumption. See Singer v. Weinberger, 513 F.2d 176, 177 (9th Cir.1975).
 
 
 13
 Second, as to alleged employment by Legorreta, the record contains numerous contradictory statements by Legorreta and Duenas. For example, Legorreta stated that he employed Duenas during 1986, 1988, and 1989, but in his application for employment Duenas stated that he had not worked at any time during the period 1986 through April 1988. Also Legorreta supplied two declarations in which he listed precise amounts paid to Duenas in various years. At the hearing, however, he admitted that these were just approximations. The ALJ heard from the witnesses and was in the best position to judge their credibility. See Hudson v. Bowen, 849 F.2d 433, 434 (9th Cir.1988). Substantial evidence in the record supports the Secretary's finding that Duenas failed to establish employment in 1978, 1980, 1983, 1986, 1988, or 1989.[5]
 
 
 14
 Finally, the Secretary's finding that the statement by Mendoza did not establish coverage for two quarters in 1984 is supported by substantial evidence. Mendoza's statement was unsworn, verified only by a notary public, and addressed "to whom it may concern." It was submitted to the Appeals Council more than three years after the submission of Duenas' application for benefits and almost seven years after the alleged dates of employment. In these circumstances, the Secretary properly concluded that Mendoza's statement was insufficient to establish that Duenas was paid wages in 1984.
 
 
 15
 After reviewing the administrative record as a whole, we conclude that the proper legal standards were applied and that the Secretary's decision denying benefits is supported by substantial evidence. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Secretary Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, M.D., pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 ***
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The parties do not dispute that Duenas required 37 quarters of coverage consisting of one quarter for each year after 1950 and before 1988 when he turned 62. 42 U.S.C. Secs. 402(a) & 414(a); 20 C.F.R. Secs. 404.110(b)(2), 404.115(b)
 
 
 [2]
 In his request for reconsideration, Duenas states that after 1954 he returned to Mexico and then came back to the United States "working in the companies listed in the attached photocopy." (R. 79.) The photocopy is not part of the record. Counsel for Duenas asserts that the attachment may have listed the employers' for whom Duenas claims coverage in the period 1952-54. There is no support for this assertion in the record and it is inconsistent with Duenas' repeated inability to specify the names of his employers. It does appear, however, that Duenas provided the names of employers for the period 1955-75, which led the Secretary to issue a "request for scouting" to develop the relevant facts concerning Duenas' employment by these employers. (R. 90-92.)
 
 
 [3]
 This decision was erroneous because Sec. 210(a)(1) of the Social Security Act, 42 U.S.C. Sec. 410(a)(1), on which the Secretary relied, applies to foreign agricultural workers who are not citizens of the United States. Duenas is a United States citizen
 
 
 [4]
 It is apparent from the record that the ALJ was amenable to extending the 30 day period if counsel needed further time to investigate. (R. 44.)
 
 
 [5]
 After the magistrate judge filed the report and recommendations, Duenas submitted objections in which he argued, for the first time, that if he were not Legorreta's employee then he was self-employed during the relevant years. The magistrate judge found that this argument was untimely and refused to consider it. The argument is again advanced on appeal. Even were the argument timely, however, Duenas fails to address the conclusive presumption of no coverage which arises from the absence of any entry in the Secretary's record of self-employment wages paid in the relevant years. 42 U.S.C. Sec. 405(c)(4)(C). Moreover, his new claim of self-employment is directly contradicted by his application. In light of the contradictory statements by Duenas and Legorreta, as well as the only vague evidence of income and employment, resting on the suspect recollection and credibility of the claimant and his cousin, the ALJ's finding that Duenas had failed to show the receipt of any wages during the relevant years is supported by substantial evidence in the record. This finding addresses both Duenas' claim of employment by Legorreta and his new claim of self-employment