52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles E. JONES, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-35699.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1995.*
Decided April 11, 1995.
 
 Before: WRIGHT, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Charles E. Jones appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). Jones contends that the Secretary improperly denied his claim for disability benefits and argues that he was disabled prior to the December 31, 1982 termination of his insured status. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 42 U.S.C. Sec. 405(g). We affirm.
 
 FACTS
 
 3
 Jones received disability benefits from May 1978 through August 1979 for a back injury. Jones did not request administrative review of the Secretary's decision terminating his benefits as of August 31, 1979. His eligibility for disability benefits expired on December 31, 1982.
 
 
 4
 On December 18, 1990, Jones filed for disability benefits for the period between August 31, 1979 and December 31, 1982 (the "relevant period"). After a hearing in June 1991, an Administrative Law Judge ("ALJ") denied his claim. Although Jones testified at the hearing to an alcohol-related disability, the ALJ concluded that the testimony was self-serving, in light of the total absence of medical documentation of any alcohol-related problems during the relevant period.
 
 
 5
 After the ALJ issued his opinion denying Jones' application, Jones sought to supplement the evidence of his alcoholism with three recent medical reports. The Appeals Council affirmed the ALJ's decision without considering this new evidence. The ALJ's decision thus became the final decision of the Secretary. Jones appealed the Secretary's decision in district court. The district court affirmed the denial of benefits and concluded that a remand for consideration of Jones' new evidence was not necessary.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 6
 The district court's grant of summary judgment in favor of the Secretary is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The Secretary's denial of disability benefits "will be overturned only if it is not supported by substantial evidence or it is based on legal error." Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). "Substantial evidence" is " 'more than a mere scintilla,' " but " 'less than a preponderance.' " Id. (citations omitted).
 
 
 7
 II. SUBSTANTIAL EVIDENCE SUPPORTS THE SECRETARY'S DENIAL OF DISABILITY OF BENEFITS TO JONES
 
 
 8
 In order to receive disability benefits, Jones must show that he was disabled prior to the termination of his insured status. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991 (per curiam). The ALJ in this case concluded that Jones made a prima facie case of disability by demonstrating that his impairments prevented him from performing his previous job. See Gamer v. Secretary of Health & Human Servs., 815 F.2d 1275, 1278 (9th Cir.1987). Therefore, the Secretary had to show that Jones could do other substantial gainful activities considering his age, education, and work experience. See id.; 28 U.S.C. Sec. 423(d)(2) (Supp.1994). Under the Secretary's Medical Vocational Guidelines ("Guidelines"), 20 C.F.R. pt. 404, subpt. P, app. 2 (1994), Jones remained capable of performing medium work. The ALJ therefore concluded that Jones was not disabled.
 
 
 9
 The ALJ may "rely exclusively on the Guidelines if [Jones'] non-exertional impairments do not significantly affect [his] residual functional capacity." Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 577 (9th Cir.1988) (quoting Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir.1987)). Jones claims that the ALJ ignored a non-exertional impairment alcoholism, which he claims affected his residual functional capacity. This argument is belied by the record. The ALJ listened to Jones' testimony and questioned him about his alcohol use; questioned the vocational expert about Jones' ability to work if he could not remain sober; noted the absence of any contemporaneous medical evidence of an alcohol-related disability; and noted evidence that Jones was able to do some work as a backhoe operator during the relevant period. Indeed, Jones' treating physician at that time believed Jones was able to perform medium work, and that opinion is entitled to special weight. See Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir.1994). The ALJ permissibly discounted Jones' allegations of an alcohol disability as self-serving and not credible. See Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir.1995) ("ALJ ... may disregard unsupported, self-serving statements"); Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir.1989) (claimant's testimony about pain may be discounted as self-serving in absence of contemporaneous medical confirmation).
 
 
 10
 In light of the foregoing, we hold that substantial evidence supports the ALJ's conclusion that Jones' alleged alcoholism did not "significantly affect [his] residual functional capacity" during the relevant period. Therefore, it was not error for the ALJ to rely on the Guidelines to conclude that Jones was not disabled. See Desrosiers, 846 F.2d at 577.
 
 
 11
 We decline to remand the case to the agency for further development of the record, as Jones requests. First, we conclude that the three new medical reports Jones presented to the Appeals Council are not material and therefore do not justify remand.[1] Even assuming Jones had good cause for submitting the reports after his hearing, he has not shown that " 'there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before [her].' " Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir.1984) (quoting Dorsey v. Heckler, 702 F.2d 597, 604-05 (5th Cir.1983)).
 
 
 12
 Jones' three new reports almost exclusively describe his post-1982 condition. The information that purports to describe Jones' condition during the relevant period is speculative and inconclusive. As described by Jones, for example, Dr. Veraldi's report "stated that it was not possible to specify JONES' psychological capacity in 1982." Although Dr. Veraldi does state that Jones' alcohol-related psychological problems "occurred before 1984," she could not "be specific about their severity."[2] The ALJ considered and rejected similar recently formed and inconclusive opinions as insufficient to establish a disability during the relevant period.
 
 
 13
 Second, we conclude that the Secretary (via the ALJ) was not required to further develop the record by providing psychiatric and other medical examinations for Jones. The ALJ in this case conducted a hearing, extensively reviewed the available medical evidence, and asked both Jones and the vocational expert about the effects of Jones' alleged alcohol impairment. Jones concedes that the Secretary did obtain medical records "from many sources such as Dr. Smith, Dr. Teal, et al." This satisfies the Secretary's responsibility to develop the record. See Duenas v. Shalala, 34 F.3d 719, 722 (9th Cir.1994) (burden satisfied where Secretary pursued information provided by claimant, but did not further investigate areas where claimant provided "only sketchy information"), petition for cert. filed, 63 U.S.L.W. 3672 (U.S. Feb. 21, 1995) (No. 94-1459). Moreover, as Jones' three new medical reports demonstrate, it is highly unlikely that further medical opinions could establish his condition during the relevant period.
 
 III. CONSTITUTIONAL CHALLENGES
 
 14
 Finally, we reject Jones' constitutional challenges to the Secretary's denial of benefits. He asserts that not all alcoholics are the same and that some types generate a "paper trail" that documents their alcoholism while other types do not. Because neither the Social Security Act nor the applicable regulations distinguish between these two types of alcoholics, we construe Jones' argument as a disparate impact equal protection claim.
 
 
 15
 In order to prevail on such a claim, Jones would have to show that Congress or the Social Security Administration acted with discriminatory animus toward alcoholics without a paper trail in enacting laws and regulations requiring all claimants to document their disability. See Personnel Administrator v. Feeney, 442 U.S. 256, 274-80 (1979) (upholding a civil service hiring preference for veterans despite its impact on women because the plaintiff failed to show the preference reflected any discriminatory purpose).
 
 
 16
 Jones has submitted no evidence to suggest that Congress or the Social Security Administration has acted with discriminatory intent toward alcoholics without a paper trail. We note, moreover, that even if he had, the category "alcoholics without a paper trail" is neither a suspect nor a quasi-suspect classification, so we would subject the alleged classification to rational basis review and require only that the laws and regulations bear a rational relation to a legitimate governmental purpose. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439-41 (1985). We therefore reject Jones' constitutional claims and hold that the Secretary's denial of benefits in this instance did not violate Jones' equal protection or due process rights.
 
 CONCLUSION
 
 17
 For the foregoing reasons, the district court's grant of summary judgment in favor of the Secretary is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The reports consist of (1) a psychological examination made by Dr. Donna Veraldi on February 17 and 18, 1992; (2) a September 9, 1991 report by Dr. Ronald Smith, Jones' treating physician at that time; and (3) an October 1, 1991 report by Dr. Smith
 
 
 [2]
 Alcohol use--even if uncontrollable--that does not render the claimant unable to work does not constitute a "disability" that would entitle the claimant to benefits. See, e.g., Tylitzki v. Shalala, 999 F.2d 1411, 1415 (9th Cir.1993)