**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 95-30961**
**Summary Calendar**
_____


**IRENE M. BEASLEY,**
**SSN 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,**

**Plaintiff-Appellant,**


**VERSUS**


**SHIRLEY S. CHATER, COMMISSIONER**
**OF SOCIAL SECURITY,**

**Defendant-Appellee.**


_____

Appeal from the United States District Court
For the Western District of Louisiana
(92-CV-1480)
_____
March 29, 1996


Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

**BACKGROUND**

Irene M. Beasley filed an application for Social Security

disability benefits on May 7, 1990, alleging disability since May

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

15, 1987. The state agency and the Social Security Administration denied her claim. Beasley requested and received a hearing before an administrative law judge (ALJ). The ALJ issued a decision denying benefits on July 22, 1991. The ALJ found that Beasley was not disabled within the meaning of the Act prior to June 30, 1989, the date her Title II insured status expired. Beasley requested review of the ALJ's decision by the Appeals Council on the grounds that the ALJ did not consider evidence that her insured status continued after June 30, 1989. The Appeals Council denied Beasley's request for review, stating that it had considered the evidence in question and that the evidence was not sufficient to rebut the presumption established by the earnings record that she had not received wages after 1984.

Beasley filed a complaint in the district court, alleging that the ALJ's finding that her insured status ended on June 30, 1989, was contrary to the law and the evidence in that the ALJ ignored credible evidence that she had continued to work until the spring of 1987. Beasley and the Secretary filed cross-motions for summary judgment. Beasley argued that the ALJ had improperly failed to evaluate and give credence to her evidence that she had continued to work through 1987 and had thus extended her insured status. The Secretary argued that the Appeals Council had considered the evidence and found it insufficient. The magistrate judge recommended that Beasley's motion be denied and that her complaint be dismissed with prejudice, holding that substantial evidence

2

supported the ALJ's finding that her insured status expired on June 30, 1989.  Beasley filed objections, pointing out that the ALJ had failed to even consider her evidence of employment.  The district court adopted the recommendation of the magistrate judge, denied Beasley's motion, and dismissed her complaint.

The evidence in question consists of three affidavits by Beasley, her daughter, and her husband, in which they asserted that Beasley worked for a Mrs. Paula Kirk as a cook/maid from 1985 until the spring of 1987 for $25 a day, three days a week at first, and then two days a week towards the end.  Beasley's daughter asserted that she would sometimes accompany Beasley and also work for Mrs. Kirk.  Beasley's husband asserted that he would frequently drive Beasley to work at Mrs. Kirk's.

Beasley testified regarding her employment in the years of 1985 through 1987 at the hearing before the ALJ.  She testified that she worked for Mrs. Kirk (Curt in the transcript), and a lawyer named Madsen (Matterson in the transcript).  These employers were listed in Beasley's original application for benefits.  She testified that Social Security was supposed to have been withheld from her pay.  The ALJ, noting the issue of the expiration of Beasley's insured status on June 30, 1989, according to the Secretary's records of her wages, held open the record for 30 days to take additional evidence of Beasley's employment.  The record was reopened on July 22, 1991, for admission of the affidavits.

**OPINION**

Beasley argues that the ALJ failed to evaluate and give credence to the evidence that she continued to work through 1987, thus extending her insured status, rendering the decision invalid and unsupported by substantial evidence.

This Court's review of the Commissioner's decision is limited to two issues: 1) did the Commissioner apply the proper legal standards, and 2) is the Commissioner's decision supported by substantial evidence on the record as a whole. **Anthony v. Sullivan**, 954 F.2d 289, 292 (5th Cir. 1992). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. § 405(g); **Richardson v. Perales**, 402 U.S. 389, 390 (1971). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It must be more than a scintilla, but it need not be a preponderance. **Perales**, 402 U.S. at 401. "This Court may not reweigh the evidence or try the issues *de novo*. Rather, conflicts in the evidence are for the Secretary to resolve." **Anthony**, 954 F.2d at 295 (citations omitted).

To be eligible for disability insurance benefits, an applicant must be "insured for disability insurance benefits." 42 U.S.C. §§ 423(a)(1)(A) & (c)(1); 20 C.F.R. § 404.130; **Demandre v. Califano**, 591 F.2d 1088, 1090 (5th Cir.), cert. denied, 444 U.S. 952 (1979). A claimant is eligible for benefits only if the onset of disability

began on or before the date the claimant was last insured. **Ivy v. Sullivan**, 898 F.2d 1045, 1048 (5th Cir. 1990). The claimant bears the burden of establishing a disabling condition before the expiration of his insured status. **Id**.

According to the Secretary's records of Beasley's wages, the date that Beasley was last insured was June 30, 1989. The Secretary's records showed no wages after 1984.

The Social Security Act specifically addresses the evidentiary weight given to the Secretary's record. The absence of entries of wages in the records serves as evidence that no wages were paid. 42 U.S.C. § 405(c)(3); 20 C.F.R. § 404.803(a); **Breeden v. Weinberger**, 493 F.2d 1002, 1005 (4th Cir. 1974). The records are open to revision for a period of three years, three months, and fifteen days, after which period the absence of an entry is presumptive evidence that no wages were paid. 42 U.S.C. §§ 405(c)(1)(B) & (c)(4)(B); 20 C.F.R. § 404.803(c)(2); **Breeden**, 493 F.2d at 1005. This presumption is not conclusive and may be rebutted upon the production of contrary evidence by the claimant. However, the absence of a wage entry is still an evidentiary factor, which may be considered as proof that the claimant did not receive wages for that year, and must be weighed against the claimant's evidence that he did receive wages, applying the usual tests of credibility. **Kephart v. Richardson**, 505 F.2d 1085, 1089

5

(3d Cir. 1974); **Duenas v. Shalala**, 34 F.3d 719, 722-23 (9th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1430 (1995).

Beasley is correct that the ALJ's decision does not mention either her testimony at the hearing, or the affidavits submitted after the hearing regarding the issue of her alleged employment from 1985 to 1987. The decision does not contain any determination regarding the credibility of Beasley's claims of continued employment. The Appeals Council suggested that Beasley's "self-serving statements" were not credible evidence.[1] However, such testimony cannot be disregarded, and neither the statute nor the regulations require independent corroboration by the types of objective evidence suggested by the Secretary, such as tax returns. **Kephart**, 505 F.2d at 1089 (Claimant's "testimony is evidence which cannot be disregarded, whether corroborated or not."). The ALJ was not required to believe Beasley's evidence; however, he was required to consider it and explain why he found it not credible, if that is in fact what he did. <u>See</u> **Singer v. Weinberger**, 513 F.2d 176, 178 (9th Cir. 1975)(ALJ required to consider claimant's evidence of employment).

The Secretary argues that Beasley's evidence was not as substantial as the evidence produced by claimants in other cases

_____

[1] Beasley also correctly points out that the Appeals Council erroneously implied that a presumption of no wages existed for 1987. Beasley filed her application for benefits before the time limitation expired for 1987, which the Secretary acknowledges.

which were reversed and remanded.  However, that argument begs that question.   If the ALJ had considered Beasley's evidence and believed it, it would be sufficient.  As Beasley correctly noted in her objections, the magistrate judge misconstrued the ALJ's finding that there was "no evidence of work activity since the claimant's alleged onset date."  That finding pertained to the date of onset of disability.  Beasley obviously does not dispute that she did not work past her onset date in May of 1987.  She does dispute the absence of wage entries in the Secretary's records for wages she contends she earned from 1985 through May of 1987.  The administrative record is devoid of a factual finding by the ALJ regarding the credibility of Beasley's claimed employment from 1985 to 1987, or any evaluation by the ALJ of the sufficiency, or lack thereof, of the evidence she presented.

The judgment is reversed and the case is remanded to the district court with instructions to remand it to the Secretary for further proceedings consistent with the views expressed herein. Nothing herein should be construed to express any opinion as to the credibility or weight of Beasley's evidence.

**REVERSED** and **REMANDED**.