**Louis MCGAURAN, Plaintiff— Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant— Appellee.**

No. 01–15820.
D.C. No. CV–00–00808–JL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2002.

Decided May 10, 2002.

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

## MEMORANDUM *

The Social Security Administration (SSA) has no record that McGauran received wages from a U.S. employer from 1962 to 1966. Although McGauran submitted evidence of having been paid wages during that period, the SSA determined that they were not paid by a U.S. employer but by a foreign affiliate of a U.S. company. Having further found that this foreign affiliate had no "coverage agreement" pursuant to 26 U.S.C. § 3121($l$), the SSA denied McGauran social security benefits for this period.

"The absence of a record of wages is evidence that the alleged wages in fact were not paid, 42 U.S.C. § 405(c)(3), and when the record stands uncorrected for a sufficient period of time as here, the absence of a record of wages creates a presumption that 'no such alleged wages were paid to such individual in such period.' 42 U.S.C. § 405(c)(4)(B)." *Duenas v. Shalala,* 34 F.3d 719, 722 (9th Cir.1994); *see also* 20 C.F.R. § 404.803(c)(2) ("If SSA records show no entry of wages for an employer for a period in that year, our records are conclusive evidence that no wages were paid to you by that employer . . . ."); 1 *Social Security Law and Practice* §§ 12:31–12:34 (Melvin C. Cole & Dag E. Ytreberg eds., 1997) (same). "A claimant seeking to rebut th[is] presumption . . . must prove his . . . case by a preponderance of the evidence." 1 *Social Security Law and Practice* § 12:35, at 44.

McGauran must therefore show, by a preponderance of the evidence, that during the period in question, he was employed by, and received wages from, "an Ameri-

* This disposition is not appropriate for publication and may not be cited to or by the courts · of this circuit except as may be provided by Ninth Circuit Rule 36–3.

can employer," rather than a foreign affiliate (or subsidiary) of a U.S. corporation. *See* 26 U.S.C. § 3121(b); 42 U.S.C. § 410(a).[1] In support of his claim, McGauran testified that the person who hired him was an employee of a U.S. company, and that during his employment in Guatemala, McGauran often received instructions from the company's office in New Jersey. McGauran also submitted two letters from his manager in Guatemala: one to the U.S. consular officials stating that McGauran was "employed by an [A]merican concern," and another to the company's office in New Jersey, urging that McGauran be offered another position "within our organization." He also submitted evidence that a corporate entity named "Productos Adams, Inc." was incorporated under the laws of New York.

The SSA concluded that this evidence was insufficient to "establish that [McGauran] was working for an American employer." Instead, the SSA determined that the evidence showed that McGauran was working for Productos Adams, S.A., a division of Chicle Adams, C.A., a Venezuelan subsidiary of an American corporation. Based on the evidence presented, the SSA further concluded that McGauran's employer, Productos Adams, S.A., was not an American employer, but a foreign subsidiary (or affiliate) of an American corporation with no social security coverage agreement: McGauran's payroll was in Guatemala; a letter from McGauran's manager certifying his employment in Guatemala identified his company as a division of a Venezuelan subsidiary of a U.S. corporation; and a letter from the U.S. company by which McGauran claims to have been employed stated instead that he was employed by its "foreign affiliate in Guatemala." McGauran presented no evidence to show that "Productos Adams, S.A., a division of Chicle Adams, C.A.," was the same entity as "Productos Adams, Inc.," the New York corporation.

Where "the evidence is susceptible to more than one rational interpretation," we must affirm the decision of the Social Security Administration "if it is supported by substantial evidence," which is "more than a mere scintilla but less than a preponderance." *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997) (per curiam) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039–40 (9th Cir.1995)). Because the record contains substantial evidence to support the SSA's determination that McGauran was employed not by Productos Adams, Inc., a U.S. employer but by a different, foreign affiliate of Warner Lambert called "Productos Adams, S.A., a division of Chicle Adams, C.A.," we affirm the district court's grant of summary judgment for the SSA.

AFFIRMED.

---

1. As McGauran concedes, there is no evidence that the foreign affiliate here had a "coverage agreement" with the SSA. McGauran therefore does not qualify for social security coverage under 26 U.S.C. § 3121($l$).