**Charles R. HAGLER, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,* Commissioner of the Social Security Administration, Defendant–Appellee.**

**No. 02–35405.**

**D.C. No. CV–01–00018–BLW.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.**

Decided Feb. 13, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM ***

Charles R. Hagler appeals pro se the judgment of the district court affirming the decision of the Commissioner of the Social Security Administration to deny his application for additional quarters of self-employment income necessary to qualify for retirement insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo thedistrict court's order and we uphold the Commissioner's decision if it is supported by substantial evidence and is free of legal error. *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir.1999). We affirm.

The district court properly concluded that Hagler's activities repairing and re-modeling his rental properties did not constitute self-employment under the Social Security regulations because, among other things, Hagler did not intend to make a profit, was not "hired" to perform the job, and did not hold out his handyman services to the general public. *See* 20 C.F.R. § 404.1007(c).

The district court properly relied on the Social Security Administration's records of Hagler's earnings for 1953, 1956, 1957, and 1962 because Hagler presented no evidence that he timely filed a request for a correction to those records. *See* 20 C.F.R. § 404.820(a); *id.* § 404.802; *id.* § 404.803(c); *id.* § 404.822; *see also Duenas v. Shalala,* 34 F.3d 719, 722 (9th Cir. 1994) ("The absence of a record of wages is evidence that the alleged wages in fact were not paid, 42 U.S.C. § 405(c)(3), and when the record stands uncorrected for a sufficient period of time as here, the ab-sence of a record of wages creates a presumption that 'no such alleged wages were paid to such individual in such period.' ").

Hagler's remaining contentions, including that the Social Security regulations regarding self-employment income are inequitable, lack merit.

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

