**William D. COX, Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education & Welfare, Defendant-Appellee.**

**No. 77–1236.**

United States Court of Appeals, Ninth Circuit.

Dec. 11, 1978.

---

A. Keith Lesar, Watsonville, Cal., for plaintiff-appellant.

Stephen A. Shefler, Eric J. Swenson, Asst. U. S. Attys., San Francisco, Cal., for defendant-appellee.

Before BROWNING and WALLACE, Circuit Judges, and WATERS *, District Judge.

WATERS, District Judge.

The plaintiff, William D. Cox, brought this action in the district court under 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health, Education and Welfare. The district court granted the Secretary's motion for summary judgment, 421 F.Supp. 721 (N.D.Cal.1976), and Cox appeals that decision. Because we conclude that the Secretary's finding is not supported by substantial evidence, we reverse.

## BACKGROUND

Cox, a carpenter by trade, sustained a back injury at work on August 14, 1973. He continued to work until October 12, 1973, when the pain from his back injury finally forced him to stop. He received extensive medical treatment, and underwent surgery on his back in July 1974. After the surgery, he began an intensive program of physical therapy, which continued at least up to the time of the administrative hearing on his claim for disability benefits.

Cox first filed for Social Security disability benefits on December 28, 1973, alleging that he had been disabled since October 12, 1973. The application was initially denied, and plaintiff requested and received a hearing *de novo* before an administrative law judge (hereafter ALJ) on February 12, 1975. The ALJ, after hearing testimony from the plaintiff and a vocational expert, and reviewing plaintiff's medical records and letters from his doctors, concluded that plaintiff was disabled from October 12, 1973 to February 10, 1975, but not thereafter. The Appeals Council, after receiving additional evidence, affirmed the decision of the ALJ. Plaintiff thereupon initiated this proceeding in the district court.

There is no dispute as to the finding that the plaintiff was disabled from October 12, 1973 through February 10, 1975. Plaintiff appeals from the decision that his disability ended on the latter date. He contends first that the Secretary's decision in this regard is not supported by substantial evidence; and second, that he was deprived of due process because the decision terminating his period of eligibility was made at the same hearing at which he was determined to be eligible. Because we conclude that the Secretary's decision was not supported by substantial evidence, we do not reach appellant's second point.

## STANDARD OF REVIEW

The question before the court is whether the Secretary's determination that Cox's disability ended on February 10, 1975 is supported by substantial evidence. "Substantial evidence means that a finding is supported by 'more than a mere scintilla. It means such relevant evidence as a rea-

---

* The Honorable Laughlin E. Waters, United States District Judge for the Central District of California, sitting by designation.

sonable mind might accept as adequate to support a conclusion.' In applying the substantial evidence test we are obligated to look at the record as a whole and not merely at the evidence tending to support a finding." *Walker v. Mathews,* 546 F.2d 814, 818 (9th Cir. 1976) (citation and footnote omitted).

## DISCUSSION

It is undisputed in this proceeding that Cox was disabled from October 12, 1973 to February 10, 1975, and that as of the latter date he was unable to return to his former job as a carpenter. The question then is whether he could, as of February 10, 1975, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). Once, as here, "the claimant has demonstrated that he can no longer engage in his former occupation, it is incumbent on the Secretary to show that there are other types of work which the claimant is capable of doing." *Benitez v. Califano,* 573 F.2d 653, 655 (9th Cir. 1978), quoting *Rosin v. Secretary of Health, Education and Welfare,* 379 F.2d 189, 195 (9th Cir. 1967); *Stark v. Weinberger,* 497 F.2d 1092, 1098 (7th Cir. 1974).

■ At the hearing, the vocational expert, Charles D. Edwards, testified that, based on considerations of claimant's age, background, and skills, there were a number of identifiable jobs in the economy which plaintiff could engage in, notwithstanding his present inability to remain seated or standing for more than 30 minutes. (Tr. 33–37) (References to pages in the transcript of administrative proceedings are identified by "Tr.") However, when asked by the ALJ if he was talking about "now, beginning with February 10th, 1975," Edwards responded, "We are talking about the time he *would* be able to go into a sustained daily activity of 8 hours a day, or 40 hours a week. . . ." (Tr. 34; emphasis added.) Thus, the vocational expert's testimony that there were jobs which the plaintiff could perform was expressly made conditional on plaintiff's being sufficiently recovered to engage in a sustained daily work routine. There is, however, nothing in the record which supports the ALJ's implicit finding that Cox was able to go into such a sustained daily activity as of February 10, 1975. Indeed, an examination of the record as a whole compels us to reach the opposite conclusion.

There was no evidence before the Secretary except that as of February 10, 1975, Cox was still feeling pain, "constant, dull pain in low lumbar and . . . severe pains with movement in the upper lumbar." (Tr. 29; 93) Although he was walking, swimming and riding a stationary bicycle as part of his rehabilitative program (Tr. 93), he had to rest after each bit of exercise, and could only keep up the routine for a week or two before he would have to take 3 to 4 days of complete rest to get enough relief to continue the program. (Tr. 103) He could only remain sitting or standing for 30 minutes before he would have to change position. (Tr. 93) Finally, his daily program of physical therapy, cited by the vocational expert as one of the reasons that the claimant could not engage in regular employment prior to February 10, 1975 (Tr. 33), was to continue after that date. (Tr. 93)

The ALJ evidently based his conclusion that plaintiff was able to work as of February 10, 1975, on a letter from plaintiff's physician bearing that date. The letter, in its entirety, reads:

"TO WHOM IT MAY CONCERN:

MR. WILLIAM D. COX was examined today at seven months follow-up of his recent low back operation. The progress of his surgical recovery is insufficient to consider as realistic hope of return to his life time occupation as a carpenter. He is thus advised to begin vocational rehabilitation at once.

Very truly yours,

/S/

EDWARD C. FRONING, M.D."

(Tr. 90) The ALJ apparently considered this letter a release for work. (Tr. 26; 29;

34) However, in a letter dated March 25, 1975, and received as an exhibit by the Appeals Council, the same doctor stated, relative to rehabilitation, that "Our idea was that he would attempt vocational rehabilitation as a gunsmith. He has not recovered sufficiently as yet to initiate such an attempt but I have suggested that he might begin to try to do so at this time." (Tr. 94)

When the ALJ, referring to the letter of February 10, asked the plaintiff: "Do you agree with your doctor when he says you are able to go out and do light work, now?", Cox responded: "I am willing to try it, yes. Whether I am going to be able, I guess the future will tell that." (Tr. 29)

A willingness to try to engage in rehabilitative activity—and a release by one's doctor to engage in such an attempt—is clearly not probative of a present ability to engage in such activity. The distinction between attempt and ability is recognized by both the statute, 42 U.S.C. § 422(c), and the regulations, 20 C.F.R. § 404.1536(a), which provide that work performed by a disabled worker during a trial period shall not be considered as evidence of whether that worker's disability ceased during such period. Inasmuch as there is no evidence that plaintiff was sufficiently recovered as of February 10, 1975 to engage in the "substantial daily activity" envisioned by the vocational expert, and no evidence or finding in the record from which it could be reasonably concluded that Cox was not telling the truth, the finding that Cox's disability ceased as of February 10, 1975 must be reversed.

Had plaintiff been represented by counsel at the administrative hearing, it is likely that the ALJ's misunderstanding of both the physician's letter and the testimony of the vocational expert would have been clarified. Plaintiff was not represented by counsel (Tr. 17), and there is no requirement that he be so. However, where the claimant is not represented, it is incumbent upon the ALJ "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Gold v. Secretary of Health, Education and Welfare,* 463 F.2d 38, 43 (2d Cir. 1972). He must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Rosa v. Weinberger,* 381 F.Supp. 377, 381 (E.D.N.Y. 1974). In the present case, the ALJ erroneously concluded from the at best ambiguous letter of February 10 that plaintiff's disability had ceased as of that date. At the hearing, he made no effort to, and gave plaintiff little opportunity to, elaborate further on that crucial question. Indeed, most of the relevant facts came out in the additional evidence received by the Appeals Council. Had a more thorough inquiry been undertaken, much time and effort might have been avoided.

The judgment of the district court is reversed, and the case is remanded to that court with instructions to remand the case to the Secretary for further hearings as to when, if yet, plaintiff's disability has ended.