28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. DAVIDSON,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-55277.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.*
Decided June 20, 1994.
 
 Before: D.W. NELSON, BEEZER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Davidson appeals the judgment of the district court affirming the decision of the Secretary of Health and Human Services denying Davidson supplemental security income ("SSI") benefits. Davidson argues that the Secretary's decision was not supported by substantial evidence and that the Secretary failed to properly assist Davidson in developing the record. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * We review de novo the district court's grant of summary judgment. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir.1985). "The Secretary's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989) (internal quotations omitted). Substantial evidence is more than a mere scintilla but less than a preponderance. Id. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985).
 
 
 4
 To qualify for SSI benefits, a claimant must establish an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. Sec. 1382c(a)(3)(A).
 
 II
 
 5
 The administrative law judge ("ALJ") concluded that Davidson failed to establish the existence of any medically determinable impairment expected to last at least twelve months that significantly limited his ability to work. Davidson argues that this decision is not supported by substantial evidence. We disagree.
 
 
 6
 Davidson argues that the ALJ erred in rejecting the opinions of Dr. Mogul, his treating physician, and Dr. Johnstone. Ordinarily, the ALJ must give a treating physician's opinion greater weight. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987). But the ALJ need not give special weight to the conclusion of a treating physician when it is not supported by a description of "medical findings, personal observations or test reports" upon which the physician relied. Burkhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir.1988). The ALJ is entitled to disregard a treating physician's opinion which is "brief and conclusionary in form with little in the way of clinical findings to supports [its] conclusion." Young v. Heckler, 803 F.2d 963, 968 (9th Cir.1986).
 
 
 7
 "If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). This the ALJ did. The ALJ explained that Dr. Mogul had not performed a physical examination of Davidson since 1985, that Dr. Mogul's notes from later visits merely reported Davidson's complaints, and that Dr. Mogul's evaluation in 1990 was based solely upon Davidson's complaints. The record does not indicate that Dr. Johnstone was a treating physician. Dr. Johnstone examined Davidson on one occasion and concluded that he was disabled. The ALJ found that Dr. Johnstone's test results were demonstrated to have been a "false positive" by later test results which were "unremarkable."
 
 
 8
 Davidson argues that the ALJ gave undue weight to the opinions of three examining medical experts, all of whom concluded that Davidson suffered no disability. We have previously explained that the "rule established by Murray does not apply ... 'when the nontreating physician relies on independent clinical findings that differ from the findings of the treating physician.' " Magallanes, 881 F.2d at 751 (quoting Miller, 770 F.2d at 849). "[T]he reports of consultative physicians called in by the Secretary may serve as substantial evidence." Id. at 752. We are in no position to second-guess the ALJ "with regard to the credibility of the medical testimony offered." Allen v. Heckler, 749 F.2d 577, 580 (9th Cir.1984). The examinations of three consultative experts, including two orthopedists and a neurologist, all showed that Davidson had no objective abnormalities and no impairment-related physical limitations. The opinions of the examining physicians were based on independent clinical findings. Although these opinions conflicted with those of Dr. Mogul and Dr. Johnstone, they "rested on independent, objective findings," and therefore could constitute substantial evidence. Magallanes, 881 F.2d at 753.
 
 
 9
 Davidson argues that the ALJ erred in concluding that his testimony regarding back pain and inability to perform basic work activities was not credible. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). Here, the ALJ rejected Davidson's subjective complaints of pain for two primary reasons. First, the ALJ found there was no objective medical evidence of an underlying impairment. Second, the ALJ found Davidson's testimony not credible. The ALJ explained that Davidson testified that he was not taking medication for pain was because he could not afford it, but admitted later that although his insurance plan covered medication, his doctors did not want him to take medication.[1] The ALJ also noted that Davidson did not cooperate with the examining physicians, refusing to attempt motions necessary to test his abilities. The ALJ did not err in rejecting Davidson's subjective complaints of pain.
 
 III
 
 10
 Davidson, who was not represented by counsel before the ALJ, argues that the ALJ failed to carry out her duty to fully develop the record. "[W]hen plaintiff is not represented by counsel, the [ALJ's] duty is 'to scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts,' and [she] must be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.' " Vidal v. Harris, 637 F.2d 710, 713 (9th Cir.1981) (quoting Cox v. Califano, 587 F.2d 988, 991 (9th Cir.1978)).
 
 
 11
 The ALJ did not shirk her duty. The ALJ developed a full record by writing to Davidson's treating physician and clinic for his records and by scheduling for him three different specialist examinations. Davidson argues that the ALJ should have written again to Dr. Mogul and should have ordered psychological testing to probe into the effects of several alleged prior injuries Davidson sustained. These arguments have no merit. The ALJ ordered testing entirely consistent with the impairment of which Davidson complained and made an appropriate attempt to obtain all existing medical records from Davidson's physician. Because Davidson cannot demonstrate that the lack of counsel prejudiced him or resulted in an unfair proceeding, he is not entitled to remand on that basis. Id.
 
 IV
 
 12
 Because there was substantial evidence to support the ALJ's decision to deny Davidson's claim for SSI benefits and because the ALJ rendered her decision on an adequately developed record, we affirm the judgment of the district court.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Davidson argues that his due process rights were violated because the ALJ did not confront him with this inconsistency. Davidson offers no authority for the proposition that due process affords him a right of confrontation on his own inconsistencies. Furthermore, this argument is at odds with the record, which shows that the ALJ drew out the testimony that Davidson's doctors did not want him on medication in direct response to his statement that he took no medication because he could not afford it. It was the ALJ's confrontation of Davidson that led him to reveal his doctors' advice. The right Davidson asserts, if it exists, was not violated