Carlos ACOSTA, Plaintiff,

v.

**Kenneth APFEL, Commissioner of the Social Security Administration, Defendant.**

No. CV 96–7480(JG).

United States District Court,
C.D. California.

Jan. 27, 1998.

Peter L. Flores, Stephanie M. Simpson, Northridge, CA, for Plaintiff.

Kenneth S. Apfel, Nora M. Manella, U.S. Attorney, Leon W. Weideman, Assistant U.S. Attorney, Chief, Civil Division, Kevin B. Finn, Assistant U.S. Attorney, Los Angeles, CA, for Defendant.

## MEMORANDUM AND ORDER
(Social Security)

GROH, United States Magistrate Judge.

Plaintiff has filed a complaint under 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for supplemental security income benefits (SSI) under Title XVI of the Social Security Act. Defendant has answered and the parties have filed cross-motions for summary judgment. For the reasons discussed below, I conclude that the Commissioner's decision should be reversed and the case remanded for further proceedings.

## BACKGROUND

Plaintiff filed an application for SSI benefits in October 1993, claiming to have been disabled since August 23, 1993, due to an abdominal hernia, low back pain, headaches, and chest pain. (Administrative Record (A.R.) 27, 32, 38, 53.) His application was denied initially and upon reconsideration. At a hearing before an Administrative Law Judge (ALJ) on June 27, 1995, plaintiff, who was unrepresented, appeared and gave testimony. (A.R.16, 38–48.)

In a written decision dated October 2, 1995, the ALJ found that plaintiff had the following severe impairments: hypertension, diabetes, an umbilical hernia, and chronic low back pain. He determined that those impairments neither met nor equalled a listed impairment and that plaintiff was capable of medium work. He further concluded that plaintiff was not precluded from performing his past relevant work as a home caregiver and therefore found plaintiff not disabled at step four of the sequential evaluation procedure.[1] (A.R.12–13.) The Appeals Council denied plaintiff's request for review. (A.R.2–3.)

## RELEVANT RECORD EVIDENCE

Plaintiff was 60 years old at the time of the hearing and had a tenth-grade education. (A.R.19, 57.) Plaintiff worked at home as a caregiver for his comatose son from 1979 until August 1993, when his son was hospitalized and died. (A.R.18–19, 53.) He testified

---

1. The regulations prescribe a five-step evaluation. 20 C.F.R. §§ 404.1520, 416.920. In summary, in order to determine disability:

    [t]he following steps are addressed in order. (1) Is the claimant presently unemployed (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Does the impairment prevent the claimant from performing his/her past relevant work? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

    *Garfield v. Schweiker,* 732 F.2d 605, 607 n. 2 (7th Cir.1984); *see also Baxter v. Sullivan,* 923 F.2d 1391, 1395 (9th Cir.1991).

that he was not licensed to provide home care but, through the auspices of a social services agency, had been compensated for attending to his son. (A.R.18.)

On his SSI application and disability reports, plaintiff stated that he had a hernia that caused pain in the abdomen and groin area, nausea, and frequent urination; lower back pain and stiffness; pain and numbness in the legs; shortness of breath; severe headaches from high blood pressure; chest pain; heart palpitations; and numbness of the lips and arms. (A.R.53, 61, 65, 107.) At a November 1993 internal medical examination conducted at defendant's request, plaintiff reported that he suffered constant low back pain, occasional leg numbness with cramping, and pain from an umbilical hernia, and that those symptoms had developed and worsened during the years that he had cared for his son. (A.R.80.) Dr. Tamayo, the consultative examiner, diagnosed severe uncontrolled hypertension, an umbilical hernia, chronic low pain probably secondary to strain and/or osteoarthritis, and a history of nicotine and alcohol abuse.[2] She concluded that he could lift and carry 50 pounds occasionally and 25 pounds frequently, stand, walk, or sit for about 6 hours a day, and push or pull with no limitation, but that he had a "postural" limitation (which she did not describe further). (A.R.80–90.)

Plaintiff testified that he experienced chronic back pain that was exacerbated by walking or standing too long. (A.R.19–20.) He averred that he had not seen a doctor for his problems prior to July 1994, when he was evaluated at a county hospital, for financial reasons.[3] Plaintiff further testified that the county doctors had informed him that he had diabetes that had affected his eyesight, high blood pressure, and that EKGs showed evidence of two prior heart attacks. (A.R.20–22.)

Plaintiff submitted to the ALJ treatment records from Los Angeles County–USC

Medical Center for the period July 1994–May 1995. (A.R.21, 96–106.) Although difficult to decipher, those records document impressions of controlled diabetes mellitus, visual complications, probable coronary artery disease, angina, sinus tachycardia, possible past inferior infarct, probable abnormal ECG, obesity, hypertension, low back pain, spinal arthritis, possible disc narrowing or disc disease, and impotence. Plaintiff was prescribed a variety of medications and was scheduled for follow-up diagnostic tests and treatment. (A.R.96–106.)

## DISCUSSION

■ Under 42 U.S.C. § 405(g), the Commissioner's decision is subject to review in order to determine whether: (1) the findings are supported by substantial evidence, and (2) the Commissioner applied the proper legal standard. *Swanson v. Secretary of Health & Human Services,* 763 F.2d 1061, 1064 (9th Cir.1985). "Substantial evidence is more than [a] mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

Plaintiff argues that the ALJ's decision is flawed in the following respects: (1) the ALJ failed to secure a knowing waiver of representation and failed fully and fairly to develop the record; (2) the ALJ erred in determining that plaintiff could perform his past relevant work; and (3) the ALJ did not provide adequate reasons for rejecting plaintiff's subjective complaints. Plaintiff also contends that good cause exists for remand to consider material new evidence in the form of additional treatment records. It will be necessary to discuss in depth only a portion of plaintiff's argument.

1. *Past Relevant Work*

After determining that the evidence of record established that plaintiff is capable of

---

**2.** Plaintiff testified that he smoked and drank heavily until approximately 1988, when he stopped altogether. (A.R.20, 81.)

**3.** Plaintiff testified, "I had no insurance, I had no money. When I used to go to the free clinics, they used to deny me because they weren't taking

adults. And I went to the Welfare office, they denied me because I was trying to get SSI. And so finally, I went to the General Hospital, and that's where they took me in for a check-up." (A.R.24.)

medium work, the ALJ stated that plaintiff's past work "includes work as a care giver doing home care work and which involves medium work activity." Without further analysis, he concluded that plaintiff "can do his work" and was therefore not disabled, and entered findings to that effect. (A.R. 12 and Finding Nos. 3–6.) Plaintiff asserts that the ALJ erred in failing to make specific findings as to (1) whether plaintiff's work as an in-home caregiver for his son rose to the level of "substantial gainful activity," and (2) the specific requirements of the job and plaintiff's ability to meet them.

■ When the ALJ reaches step four of the evaluation process, as he did here, he must determine the physical and mental demands of the claimant's "past relevant work" and whether the claimant still has the capacity to meet those demands. *See* 20 C.F.R. §§ 416.920(e), 416.969a; *see also Villa v. Heckler,* 797 F.2d 794, 797–98 (9th Cir.1986). The first prong of this analysis involves two distinct issues: first, which of plaintiff's prior jobs qualify as "past relevant work" and, second, what physical and mental capacities were required to perform such job(s). *See generally* Social Security Ruling (SSR) 82–62, "Titles II and XVI: A Disability Claimant's Capacity To Do Past Relevant Work, In General," 1982 WL 31386 (S.S.A.).

■ To qualify as "past relevant work" within the meaning of the regulations, a job must involve activity which is both "substantial" and "gainful." 20 C.F.R. §§ 416.920(e), 416.971–416.975. Earnings are a presumptive, but not conclusive, indicator of substantial gainful activity; other factors to be considered are the nature of the work performed, how well the claimant performs the work, whether the work is done under special conditions, whether the claimant is self-employed, and the amount of time spent working. *Id.*

■ In this case, the ALJ assumed that plaintiff's work caring for his son was substantial gainful activity. It is unclear what evidence, if any, the ALJ considered in reaching that conclusion. Plaintiff's situation was plainly unusual in that he appears to have received payment over many years for caring for his own son in his own home, but the record sheds very little light on the nature of his employment, if such it was. Plaintiff was not licensed to provide home health care and had no training or past experience in the field, suggesting that the services of a professional home health aide were not necessarily required or involved. (A.R.18.) Nevertheless, the ALJ elicited no testimony from plaintiff describing his work, nor did he call as witnesses plaintiff's wife or daughter, who were present at the hearing. Furthermore, although the record does contain a report on which plaintiff provided information about his work, there is no indication that the ALJ considered it. (A.R.57.)

Even if he did consider that evidence, there are a number of questions that the ALJ should have addressed, particularly in light of plaintiff's unrepresented status. *See Key v. Heckler,* 754 F.2d 1545, 1551 (9th Cir.1985) (When claimant is unrepresented, ALJ must " 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.' ") (quoting *Cox v. Califano,* 587 F.2d 988, 991 (9th Cir.1978)). The issues that remain unresolved are (1) the exact nature and history of the payments received (*i.e.,* whether plaintiff in fact received the same fixed monthly payment every year from 1979–1993 and whether his "countable earnings" exceed the presumptive minimums for the relevant period); (2) the nature of the activities involved in caring for his son and the time spent executing them; (3) whether the work was performed under any special conditions (such that it may have been analogous to sheltered or subsidized employment); and (4) how well plaintiff performed the duties involved, including an inquiry into whether or not he was supervised or evaluated or received assistance from family members (or others). *See* 20 C.F.R. §§ 416.973, 416.974; *see also* SSR 83–33, "Titles II and XVI: Determining Whether Work Is Substantial Gainful Activity—Employees," 1983 WL 31255 (S.S.A.).

Once the ALJ has determined that the claimant's past work constitutes SGA, he is obliged to analyze the physical and mental demands of the job and to compare those requirements with the claimant's residual ex-

ertional and non-exertional capacities. In this case, the ALJ did not discuss the demands of plaintiff's work as a caregiver other than to assert that it involved "medium work activity." (A.R.12.) There is no indication what evidence, if any, supports that conclusion, as the ALJ did not cite any evidence of record or a reliable source of vocational data; indeed, it is not clear whether he was referring to the job as actually performed by plaintiff or as ordinarily required by employers throughout the national economy.

At a minimum, the ALJ's decision violated the Commissioner's own policy directive:

> Evaluation [at step four] requires careful consideration of the interaction [between] the limiting effects of the person's impairment(s) and the physical and mental demands [of his past relevant work].... [¶] The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.... [E]very effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

> Sufficient documentation will be obtained to support the decision.... [¶] Adequate documentation of past work includes information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands, and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.

SSR 82–62, 1982 WL 31386 (S.S.A.) at *2– *3.

■ The ALJ failed, moreover, to fulfill his special duty to plaintiff in the absence of counsel. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). When a plaintiff has waived the right to representation at a hearing, "the issue is not whether [that right] has been knowingly waived, rather, it is whether, in the absence of representation the [ALJ] has met the heavy burden imposed by *Cox*, [587 F.2d at 991]." *Vidal v. Harris*, 637 F.2d 710, 711, 714 (9th Cir.1981) Here, the ALJ did not meet his burden to explore and explicate the facts relevant to the determination of substantial gainful activity and plaintiff's ability to satisfy the physical and mental demands of his past work. Nor did he make any attempt to explain the relevance of those issues to plaintiff or to elicit favorable testimony. *See Vidal*, 637 F.2d at 714 and n .4 (*pro se* claimant prejudiced because he was incapable of challenging ALJ's inadequate examination of vocational expert); *Key*, 754 F.2d at 1551 (ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.")

Because of the errors discussed above, the ALJ's decision in this matter must be reversed. However, those errors can be remedied if the ALJ is permitted to conduct a further hearing and to make more complete findings, and it is therefore appropriate to remand the case for additional proceedings consistent with the conclusions expressed herein.[4] *Singer v. Weinberger*, 513 F.2d 176, 178 (9th Cir.1975); *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984).[5]

2. *Presentation of New Evidence*

Plaintiff has requested remand to present new evidence. As the case is to be remanded for further proceedings on other grounds, the issue is moot. On remand, both parties shall be at liberty to present additional evidence. The interests of justice and the benefit to be gained from a fully-developed record on appeal support this conclusion.[6] LET JUDGMENT BE ENTERED ACCORDINGLY.

---

4. In light of this disposition, the ALJ may wish to secure the testimony of a vocational expert at the hearing in the event the sequential evaluation reaches step five and such evidence is required.

5. This remand is pursuant to the fourth sentence of 42 U.S.C. § 405(g). See 28 U.S.C. § 2412(d) and *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

6. Plaintiff and his counsel are reminded of their part in ensuring the adequacy of the record on

remand. Plaintiff bears the burden of proof at steps one through four of the sequential evaluation. *Terry v. Sullivan,* 903 F.2d 1273, 1275 (9th Cir.1990). Furthermore, the regulations charge the claimant with responsibility for coming forward with, or cooperating in the procurement of, all evidence material to the disability determination. *See* 20 C.F.R. §§ 416.912(a), (c); 416.916; 416.1435.