**Frank S. MIKSCH, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Commissioner, Social Security Administration,[*] Defendant–Appellee.**

No. 99–56384.

D.C. No. CV–98–1604 BTM (LAB).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Sept. 7, 2001.

Before NOONAN, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM [**]

Plaintiff Frank S. Miksch applied for and was denied supplemental security income and disability benefits. He challenged the Social Security Administration's ("SSA") decision by requesting an administrative hearing. The Administrative Law Judge ("ALJ") determined that Miksch "has a severe impairment of the musculoskeletal system (cervical spine)," but found that he had "the residual functional capacity to perform sedentary work with a sit/stand option," and denied his application for benefits. The Social Security Administration Appeals Council denied Plaintiff's

[*] Larry G. Massanari is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

request for review, and he filed an action against the Commissioner of Social Security ("Commissioner") in United States District Court. The district court affirmed the Commissioner's denial of benefits.

On appeal, Plaintiff argues[1] that: (1) the ALJ committed legal error in rejecting the conclusion of Miksch's treating physician without providing a reason for doing so; (2) the ALJ committed legal error by relying on the conclusions of the Commissioner's consultative examiner with respect to Miksch's functional capabilities; (3) the ALJ erroneously placed the burden of obtaining medical records on Miksch; and (4) the determination that Miksch does not have a "disability" is not supported by substantial evidence. Miksch requests that we either remand for the immediate award of benefits or remand the case to the district court with instructions to remand to the Commissioner for consideration of additional evidence. We conclude that the Commissioner must reconsider this case on the basis of the full record and therefore do not address Miksch's first, second, and fourth arguments on appeal.

We have jurisdiction under 28 U.S.C. § 1291, and we remand with instructions to the district court to remand the case to the Commissioner for consideration of additional evidence.

## BACKGROUND

Frank S. Miksch was born on March 7, 1960, and was 37 years old when the ALJ issued her decision on April 23, 1997. While serving in the Navy in January 1979, Miksch suffered cervical spine (neck) injuries following an automobile accident. In October 1979, while still in the Navy, Miksch fell from a ship ladder, reinjuring his neck and injuring his back and shoulder. An x-ray taken after the fall showed "a chip fx [fracture] of the anterior body of C5 and reduction of the normal cervical lordosis [curvature]."

Miksch's condition causes him continuous pain, exacerbated by "any long standing—seated—bending lifting of weight." He reports that "nothing really" relieves the pain. He has "lived with this condition since 1979, and it's getting worse every year."

After his discharge from the Navy in 1982, Miksch has had a number of short-term temporary jobs, but no steady, full-time employment. The work history report he submitted to the ALJ listed several positions, ranging in duration from two days to several months. Miksch testified briefly about several of these positions during his administrative hearing. He stated that he had tried to hold onto his hotel desk clerk position but "couldn't do it, even part time" because the job required prolonged standing. He also explained that his "work" as a "theatrical agent" or "talent scout" for several months in 1992 was in lieu of his payment of rent. He was homeless at the time, and a friend provided him a place to live in return for answering phones. He received no compensation.

The documentary record before the Administrative Law Judge included, among other things, x-rays, an orthopedic evaluation conducted on referral by the California Department of Social Services, Miksch's completed questionnaires on his employment history and functional capacities, and the treating physician's records. Miksch saw his treating physician six times before the date of his hearing and sought some physical therapy.

Miksch appeared for his hearing before the ALJ on December 30, 1996. Miksch represented himself and testified. He in-

---

1. Plaintiff is now represented by counsel.

formed the ALJ that additional medical records existed but that for various reasons he had not yet been able to provide the copies. Specifically, Miksch identified an x-ray report that confirmed his spondylosis, physical therapy reports, and a neurological examination performed at the Los Angeles Veterans Administration facility. He also stated that he was due to see a pulmonary specialist at Loma Linda University Medical Center to follow up on a recent discovery of pulmonary nodules in his lungs. Miksch explained the difficulties he was having in obtaining the records and informed the ALJ that he had executed a release to permit the SSA to request the records directly. When Miksch indicated that he would have the records sent through his treating physician, the ALJ insisted that the records come directly from the providers. Miksch further informed the ALJ that he was still awaiting approval for one test (an MRI). The ALJ agreed to hold the record open for 90 days for *Miksch* to submit the records.

On April 23, 1997, before the records arrived, the ALJ issued her decision denying Miksch's application for benefits. In her five-step evaluation, she determined that Miksch had engaged in substantial gainful activity (Step One), that Miksch has a severe impairment of the musculoskeletal system (cervical spine) (Step Two), that Miksch's impairment did *not* meet or equal an impairment listed in the regulations (Step Three), and that Miksch *could* perform other work, contrary to the opinion of Miksch's treating physician (Step Five). Based at least in part on the absence of certain medical records, the ALJ found that Miksch exaggerated his complaints. The ALJ also accepted the testimony of a vocational expert who testified at the administrative hearing that there were sufficient unskilled jobs in the national economy that Miksch could perform. She then found him not disabled.

On July 7, 1998, the Social Security Administration Appeals Council denied Miksch's request for review, leaving the ALJ's decision standing as the Commissioner's final decision in his case.

On September 3, 1998, Miksch filed a complaint *pro se* in the U.S. District Court for the Southern District of California. Miksch submitted 43 documents to the district court on March 25, 1999, which he stated were not the "sum total of all records provided by the plaintiff[.]" The documents included the results of an MRI on his spine performed on July 24, 1997, a pulmonary consultation report from the Loma Linda University Physicians Medical Group, and his treating physician's progress notes dated May 28, July 24, August 12, October 9, and December 1, 1997. The court denied Miksch's motion for summary judgment and granted the Commissioner's motion on July 9, 1999. The district court did not mention, nor is there any other indication that it considered any of the records Miksch filed in that court.

## STANDARD OF REVIEW

"It is settled law that a district court's decision to affirm, reverse or modify a determination of the Social Security Administration is reviewed *de novo* on appeal." *Harman v. Apfel,* 211 F.3d 1172, 1174 (9th Cir.2000). We will uphold the ALJ's decision if it is free of legal error and supported by substantial evidence. *Tonapetyan v. Halter,* 242 F.3d 1144, 1147 (9th Cir.2001).

## DISCUSSION

"The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan,* 242 F.3d at 1150 (internal citations and quotation marks omitted).

When the claimant is unrepresented, "the ALJ must be especially diligent in exploring all the relevant facts." *Id.* (citing *Cox v. Califano,* 587 F.2d 988, 991 (9th Cir. 1978)). The ALJ may discharge her duty in several ways, such as "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* (citing *Tidwell v. Apfel,* 161 F.3d 599, 602 (9th Cir.1998); *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996)).

Neither the ALJ nor the Appeals Council[2] had the full medical records before them. The records do, in fact, exist, and Miksch did provide them to the district court before its ruling on the parties' summary judgment motions. The hearing transcript shows that the ALJ believed it was Miksch's burden alone to gather and submit all his medical records. There is no suggestion in the record that she either assisted Miksch or attempted to secure the records herself. Neither the regulation nor the law of this circuit permits such inaction on the ALJ's part. *See* 20 C.F.R. § 404.1512(e)(1);[3] *Tonapetyan,* 242 F.3d at 1150. Indeed, the error is compounded by the fact that the ALJ did not simply adjudicate Miksch's application on a deficient record, but used the absence of particular records (*i.e.,* physician's notes and test results) to support the rejection of Miksch's

2. The Appeals Council also had the authority to obtain additional evidence itself or to remand the case to the ALJ to obtain the records. 20 C.F.R. § 404.976(b)(2).

3. "When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.

treating physician's opinion. Even without the ALJ's assistance, however, Miksch has obtained and filed the pertinent medical records, which no one has yet considered. He is entitled to a full and fair hearing on his application for benefits. We therefore remand this case to the district court with instructions to remand to the Commissioner for further administrative proceedings consistent with this memorandum.

REVERSED and REMANDED, with instructions.

(1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques...." 20 C.F.R. § 404.1512(e)(1).