George DAVIS, Plaintiff—Appellant,

v.

SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.

No. 00–35990.
D.C. No. CV–00–00373–FR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided May 31, 2002.

Before TROTT, T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

MEMORANDUM **

George Davis ("Davis") appeals the judgment of the district court upholding the denial by the Commissioner of Social Security ("Commissioner") of Davis' application for disability insurance benefits under both the Social Security and Supplemental Security Income programs pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–434 and 1381–1383f. Davis contends that Commissioner's decision was not supported by substantial evidence and was not based on a proper application of legal standards.

We review the district court's grant of summary judgment de novo, and in doing so we uphold Commissioner's decision if it is supported by substantial evidence and free of legal error (*Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999)). Because substantial evidence does support the conclusion that Davis was not disabled and because the decision by the Administrative Law Judge ("ALJ") was indeed free of legal error, we affirm.

Contrary to Davis' contention, Social Security Ruling 83–12 does not compel the conclusion that he is disabled because of the erosion of his occupational base. All that was required of the ALJ was that he consult with a vocational expert ("VE") to determine whether someone with Davis' limitations could perform substantial gainful work in the economy (*Moore v. Apfel,* 216 F.3d 864, 870–71 (9th Cir.2000); ac-

cord, *Thomas v. Barnhart,* 278 F.3d 947, 960 (9th Cir.2002)). That is exactly what the ALJ did, and the VE's testimony that Davis was capable of performing millions of medium-level jobs existing in the national economy provides substantial evidence supporting the ALJ's decision.

Further, the ALJ properly buttressed his finding that Davis' testimony was not credible (1) by identifying Davis' statements "concerning his impairments and their impact on his ability to work" as the specific testimony being discredited (ER 83) and (2) by pointing to specific evidence that raised a question about Davis' accuracy in describing his own symptoms, including treatment reports describing Davis as a "poor historian" and stating that his "subjective complaints outweigh objective findings" (ER 81). Thus the ALJ complied precisely with the requirement that he identify the testimony being discredited and the evidence undermining it (*see, e.g., Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995); *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993)).

Finally, the ALJ satisfied his duty, as set forth in the caselaw sought to be relied on by Davis (*Vidal v. Harris,* 637 F.2d 710, 713 (9th Cir.1981), quoting *Cox v. Califano,* 587 F.2d 988, 991 (9th Cir.1978)), to develop the record for unrepresented claimant Davis fully and fairly. First, Davis' argument that the ALJ had an independent duty to investigate whether Davis met the listing requirement for "mental retardation" is not supported by the record. Second, the ALJ's examination of the VE was adequate and accurately reflected Davis' limitations. *Vidal'*s facts are not

---

* The Honorable Milton I. Shadur, Senior District Judge for the Northern District of Illinois, sitting by designation.

analogous and do not support Davis' position (637 F.2d at 712–15).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

