Gustavo BRAVO, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 03–57222.

D.C. No. CV–02–06486–HLH.

United States Court of Appeals, Ninth Circuit.

Submitted May 27, 2004.*

Decided Oct. 7, 2004.

Phillip R. Newell, Esq., San Luis Obispo, CA, for Plaintiff-Appellant.

Leo R. Montenegro, Esq., Office of the General Counsel, San Francisco, CA, for Defendant-Appellee.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Gustavo Bravo ("Bravo") appeals from the district court's grant of summary judgment in favor of the Social Security Ad-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ministration denying him disability benefits. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo, *see Gillett–Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir.2004), we affirm.

Bravo waived his right of representation at the hearing before the Administrative Law Judge ("ALJ") and appeared without counsel. Bravo argues that because he was not advised in Spanish of his right to counsel, and because the transcript does not show clearly enough that he understood his right to representation (although there was an interpreter), his case must be remanded for a new administrative hearing with counsel. But "if [the claimant] did not completely understand his right to representation by counsel, he would not be entitled to relief absent a showing of prejudice or unfairness in the proceedings." *Hall v. Sec'y of HEW*, 602 F.2d 1372, 1378 (9th Cir.1979). Even when there is "serious question whether the right to counsel was knowingly waived at the hearing … the issue is not whether the right to representation was knowingly waived, rather, it is whether, in the absence of representation, the administrative law judge met the heavy burden" to probe scrupulously into all relevant facts, favorable and unfavorable. *Vidal v. Harris*, 637 F.2d 710, 714 (9th Cir.1981); *see Cox v. Califano*, 587 F.2d 988, 991 (9th Cir.1978) (when claimant does not have counsel, ALJ has special duty to inquire into and explore all relevant facts)

Bravo does not claim prejudice or argue that the ALJ failed to explore all the relevant positive and negative facts. That "counsel could have helped develop a record" is not sufficient.

AFFIRMED.