

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCRETIA V. JOHNSON, | No.   14-17089 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05163-JSC |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Lucretia Johnson appeals the district court's order affirming the

Administrative Law Judge's (ALJ's) partial denial of benefits. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, substantial evidence supported the ALJ's conclusion that the opinions of Drs. Thompson and Leon were inconsistent with the findings of Dr. Polner. Dr. Polner's evaluation is relevant evidence even though it addressed Johnson's workers' compensation claim. *See Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 574-78 (9th Cir. 1988). The record establishes that Dr. Polner's report clearly contradicted the opinions of Drs. Thompson and Leon. For example, Dr. Polner's 2011 report concluded that Johnson should be given vocational rehabilitation to find another job whereas in 2012 Drs. Thompson and Leon opined that Johnson could not work at all. Similarly, in 2011 Dr. Polner concluded "none of the testing suggests that [Johnson's] clinical symptoms are grossly incapacitating." Dr. Thompson, however, found that Johnson was "unable to work secondary to depression, anxiety, cognitive deficits, and emotional instability. She will remain off work indefinitely." Dr. Leon likewise reported that Johnson's symptoms fell under the most grave categorization level ("severe") for twelve out of twenty rating parameters included in the Social Security Administration's Medical Source Statement form. As such, substantial evidence supported the ALJ's conclusion that Dr. Polner's report contradicted the opinions of Drs. Thompson and Leon.

Second, the reports of Drs. Thompson and Leon regarding Johnson's purported inability to work and Johnson's testimony to the same end also contradicted her admitted daily activities. Matriculating in basic college classes (even with academic accommodations), driving to doctor appointments and to college Monday through Thursday, preparing her own meals and doing her own laundry, and participating in physical exercise classes together are clearly inconsistent with the notion that Johnson could not work at all. In particular, Johnson's testimony that the intensity and persistence of her symptoms limited her ability to work was not credible because it contradicted her extensive daily activities and college matriculation. The ALJ gave specific, clear, and convincing reasons for finding Johnson's testimony regarding the severity of her symptoms less than credible. *Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006).

For these reasons, the ALJ also properly concluded that Drs. Thompson and Leon's opinions contradicted both Dr. Polner's report and Johnson's admitted daily activities. As such, "specific and legitimate reasons supported by substantial evidence in the record" existed for the ALJ properly to discount the opinions of Drs. Thompson and Leon as well as Johnson's testimony regarding her inability to work. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted).

Third, because the ALJ rightly discounted the opinions of Drs. Thompson and Leon as well as Johnson's testimony regarding the severity of her symptoms, it was proper not to include the vocational limitations suggested by this evidence in the hypothetical questions the ALJ posed to the vocational expert (VE). *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (explaining that an ALJ need pose only hypothetical questions to a VE based on limitations found credible and supported by substantial evidence in the record). The learning disability diagnosed by Dr. Webster, even if included in the hypothetical questions to the VE, would not have been relevant to determining whether Johnson could perform unskilled and simple entry level work.

Fourth, the ALJ's determination that Johnson improved medically after April 2011 complied with relevant regulations and law. As required by 20 C.F.R. § 404.1594(b)(1) and *Attmore v. Colvin*, 827 F.3d 872, 876 (9th Cir. 2016), the ALJ considered Johnson's symptoms during her closed period of disability before April 2011 and later assessed Johnson's symptoms after April 2011 when medical improvement had purportedly occurred. The ALJ explicitly relied on the findings of Dr. Polner's 2011 report, which itself compared the medical evidence used to determine that Johnson was disabled before April 2011 with the medical evidence used to determine that she later medically improved. As such, the ALJ's

4

determination that Johnson medically improved as of April 2011 was legally proper and supported by substantial evidence.

In sum, the district court properly granted the Social Security Commissioner's cross-motion for summary judgment.

**AFFIRMED.**

*Lucretia V. Johnson  v  Colvin    14-17089*

THOMAS, Chief Judge, dissenting:

I respectfully dissent.  The key issue in this case is whether Dr. Polner's report clearly contradicted the opinions of Johnson's treating physicians, Drs. Thompson and Leon, who concluded she could not work.  I see no contradiction that justifies the ALJ's rejection of the treating physicians' opinions.  "A willingness to try to engage in rehabilitative activity and a release by one's doctor to engage in such an attempt is clearly not probative of a present ability to engage in such activity."  *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978).  Moreover, Johnson's symptoms may have been "severe," such that she could not work, even if they were not "grossly incapacitating."

Johnson's college attendance, with significant accommodations (and relatively good grades), and her daily activities were consistent with her testimony about her limitations and with Dr. Thompson's and Dr. Leon's opinions.  Johnson was not claiming a totally debilitating impairment.  Rather, she alleged she cannot complete simple tasks at a consistent pace without extra assistance, an unreasonable number and length of rest periods, and undue interruptions or distractions.[1]

---

[1]  It is worth noting that Johnson was taking college courses during the time period in which the ALJ found her disabled.

At best, the evidence suggests Johnson's progress was slow and she benefitted from treatment. The ALJ, however, was required to examine the evidence in the broader context of Johnson's impairment. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (citing *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014)) (stating the ALJ must use examples that constitute examples of a broader development); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her . . . ."). Though Johnson's participation in college classes suggests some improvement, Johnson's improvement was quite limited (as suggested by Dr. Polner's finding that her functional level remained the same), and it is unclear whether the improvement was sustained given Dr. Thompson's additional requests for school accommodations in 2012, and Dr. Thompson's and Dr. Leon's 2012 findings.

For these reasons, I conclude that the Commissioner failed to meet her burden of showing Johnson medically improved, and the Commissioner should reinstate benefits until substantial evidence shows Johnson is capable of sustained gainful employment. *See Cassiday v. Schweiker*, 663 F.2d 745, 750 (7th Cir. 1981). Therefore, I respectfully dissent.

-2-