THOMAS, Chief Judge,
dissenting:
I respectfully dissent. The key issue in this case is whether Dr. Polner’s report clearly contradicted the opinions of Johnson’s treating physicians, Drs. Thompson and Leon, who concluded she could not work. I see no contradiction that justifies the ALJ’s rejection of the treating physicians’ opinions. “A willingness to try to engage in rehabilitative activity and a release by one’s doctor to engage in su<?h an attempt is clearly not probative of a present ability to engage in such activity.” Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978). Moreover, Johnson’s symptoms may have been “severe,” such that she could not work, even if they were not “grossly incapacitating.”
Johnson’s college attendance, with significant accommodations (and relatively good grades), and her daily activities were consistent with her testimony about her limitations and with Dr. Thompson’s and Dr. Leon’s opinions. Johnson was not claiming a totally debilitating impairment. Rather, she alleged she cannot complete simple tasks at a consistent pace without extra assistance, an unreasonable number and length of rest periods, and undue interruptions or distractions.[1]
At best, the evidence suggests Johnson’s progress was slow and she benefitted from treatment. The ALJ, however, was required to examine the evidence in the broader context of Johnson’s impairment. See Attmore v. Colvin, 827 F.3d 872, 877 (9th Cir. 2016) (citing Garrison v. Colvin, 759 F.3d 995, 1018 (9th Cir. 2014)) (stating the ALJ must use examples that constitute examples of a broader development); Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001) (“That a person who suffers ft’om severe panic attacks, anxiety, and depression makes some improvement does not mean that the person’s impairments no longer seriously affect her....”). Though Johnson’s participation in college classes suggests some improvement, Johnson’s improvement was quite limited (as suggested by Dr. Polner’s finding that her functional level remained the same), and it is unclear whether the improvement was sustained given Dr. Thompson’s additional requests for school accommodations in 2012, and Dr. Thompson’s and Dr. Leon’s 2012 findings.
For these reasons, I conclude that the Commissioner failed to meet her burden of showing Johnson medically improved, and the Commissioner should reinstate benefits until substantial evidence shows John *522 son is capable of sustamed gainful employment. See Cassiday v. Schweiker, 663 F.2d 745, 750 (7th Cir. 1981). Therefore, I respectfully dissent.

. It is worth noting that Johnson was taking college courses during the time period in which the ALJ found her disabled.